NO. 07-03-0273-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 7, 2004

_____

JONATHAN LEE FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 45,924-A; HONORABLE HAL MINER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Following his plea of not guilty, appellant Jonathan Lee Flores was convicted by a jury of arson and punishment was assessed at 10 years confinement. The appellate record as well as appellant's brief and the State's brief have been filed. Both sides have requested oral argument. On June 11, 2004, appellant's court-appointed counsel, Ronald

T. Spriggs, filed a motion to withdraw asserting that appellant had filed a grievance against him with the State Bar of Texas.

The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc. Ann. art. 1.051(d) (Vernon Supp. 2004); *see also* Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.). Further, the trial court retains authority to appoint or substitute counsel even after the appellate record has been filed. *Enriquez*, 999 S.W.2d at 908. Notwithstanding that the record and briefs have been filed, to avoid any conflict of interest we now abate this appeal and remand the cause to the trial court for further proceedings.

The trial court has discretion to determine whether counsel should be permitted to withdraw solely because appellant has filed a grievance against counsel. *See* King v. State, 29 S.W.2d 556, 566 (Tex.Cr.App. 2000). Furthermore, to avoid further expenditure of judicial resources, we consider it prudent to resolve this issue now rather than invite future litigation by a post-conviction collateral attack. *See* Lerma v. State, 679 S.W.2d 488, 493 (Tex.Cr.App. 1982). Although counsel does not specify in his motion to withdraw the basis for appellant's grievance, our appellate record contains two inquiries by appellant regarding the status of his appeal and expressions of his dissatisfaction with counsel's failure to communicate with him.

2

Upon remand the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1.      whether to grant appellate counsel's motion to withdraw; and if so,

2.      whether appellant still desires to prosecute this appeal and is indigent and entitled to new appointed counsel.

The trial court shall also cause a hearing to be transcribed. Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of counsel shall be included in the order appointing new counsel.

The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing shall also be included in the appellate record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, August 6, 2004. Finally, if new counsel is appointed, appellant's brief will be due within 30 days after the deadline for filing of the supplemental clerk's record and the supplemental reporter's record and the State's brief will be due within 30 days

thereafter. Tex. R. App. P. 38.6(a) & (b). If the trial court denies counsel's motion to withdraw, the appeal will proceed in due course with the briefs currently on file.

It is so ordered.

Per Curiam

Do not publish.