NO. 07-03-0273-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 7, 2004



______________________________




JONATHAN LEE FLORES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 45,924-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Following his plea of not guilty, appellant Jonathan Lee Flores was convicted by a
jury of arson and punishment was assessed at 10 years confinement. The appellate
record as well as appellant's brief and the State's brief have been filed. Both sides have
requested oral argument. On June 11, 2004, appellant's court-appointed counsel, Ronald
T. Spriggs, filed a motion to withdraw asserting that appellant had filed a grievance against
him with the State Bar of Texas. 

 The trial court has the responsibility for appointing counsel to represent indigent
defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc.
Ann. art. 1.051(d) (Vernon Supp. 2004); see also Enriquez v. State, 999 S.W.2d 906, 907
(Tex.App.-Waco 1999, no pet.). Further, the trial court retains authority to appoint or
substitute counsel even after the appellate record has been filed. Enriquez, 999 S.W.2d
at 908. Notwithstanding that the record and briefs have been filed, to avoid any conflict of
interest we now abate this appeal and remand the cause to the trial court for further
proceedings.

 The trial court has discretion to determine whether counsel should be permitted to
withdraw solely because appellant has filed a grievance against counsel. See King v.
State, 29 S.W.2d 556, 566 (Tex.Cr.App. 2000). Furthermore, to avoid further expenditure
of judicial resources, we consider it prudent to resolve this issue now rather than invite
future litigation by a post-conviction collateral attack. See Lerma v. State, 679 S.W.2d 488,
493 (Tex.Cr.App. 1982). Although counsel does not specify in his motion to withdraw the
basis for appellant's grievance, our appellate record contains two inquiries by appellant
regarding the status of his appeal and expressions of his dissatisfaction with counsel's
failure to communicate with him. 

 Upon remand the trial court shall immediately cause notice of a hearing to be given
and, thereafter conduct a hearing to determine the following:


 whether to grant appellate counsel's motion to withdraw; and if so,
 whether appellant still desires to prosecute this appeal and is indigent
and entitled to new appointed counsel.



The trial court shall also cause a hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal, then the trial court shall also take such measures
as may be necessary to assure appellant effective assistance of counsel, which measures
may include the appointment of new counsel. If new counsel is appointed, the name,
address, telephone number, and state bar number of counsel shall be included in the order
appointing new counsel. 

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of the hearing shall also be included in the appellate record. The trial court shall file
the supplemental clerk's record and the supplemental reporter's record with the Clerk of
this Court by Friday, August 6, 2004. Finally, if new counsel is appointed, appellant's brief
will be due within 30 days after the deadline for filing of the supplemental clerk's record and
the supplemental reporter's record and the State's brief will be due within 30 days
thereafter. Tex. R. App. P. 38.6(a) & (b). If the trial court denies counsel's motion to
withdraw, the appeal will proceed in due course with the briefs currently on file.

 It is so ordered.

 Per Curiam

Do not publish.



Used="false" QFormat="true" Name="No Spacing"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00009-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



JULY
19, 2011

 



 

IN THE MATTER OF J.S.R., A CHILD



 



 

 FROM THE COUNTY COURT AT LAW OF MOORE
COUNTY;

 

NO. 1455; HONORABLE DELWIN T. MCGEE, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

ORDER

 

 

            Appellant, J.S.R., filed an appeal
from an order of disposition finding he engaged in delinquent conduct and
committing him to the Texas Youth Commission. Appellant filed an appellate
brief but it did not comply with the Texas Rules of Appellate Procedure.  It was not properly signed by appointed
counsel, and it did not contain a redacted appendix as required by the
rules.  See Tex. R. App. P. 9.8; 38.1(k). 
By letter dated June 9, 2011, we directed appellant to file a corrected
brief.

On June 14, appellant filed an amended brief, signed by
appointed counsel.  But the amended brief
did not correct the second deficiency because it did not contain a redacted
appendix.  On June 16, we again notified
appellant of the deficiency by letter, giving appellant a deadline of June 27
to supplement the brief to correct the deficiency. We have received no response
to our June 16 letter, as of the date of this order.

Accordingly, appellant is directed to supplement the appellants
brief by filing an original and five copies of a redacted appendix meeting the
requirements of Rules 9.8 and 38.1(k).  See Tex. R. App. P. 9.8; 38.1(k).  Appellant is directed to file the redacted
appendix so as to be received by the Clerk of the Court no later than 5:00 p.m.
on August 3, 2011.  If appellant does not
file a proper appendix by that date, the Court will consider further action to
enforce this Order, which may include an order to show cause.

It is so ordered.

 

                                                                                                Per
Curiam