NO. 07-04-0386-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 24, 2004

_____

DEMARCUS LEWIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 241ST DISTRICT COURT OF SMITH COUNTY;

NO. 241-0230-04; HONORABLE JACK SKEEN, JR., JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**ABATEMENT AND REMAND**

Following his conviction for possession of a controlled substance, appellant Demarcus Lewis, proceeding *pro se*, filed a notice of appeal.  The appellate record is due to be filed on August 16, 2004.  Pending before this Court is trial counsel's motion to

withdraw as appellate counsel in which counsel also requests that appellant be declared indigent and have counsel appointed for purposes of appeal.

Counsel represents that appellant has filed a grievance and no longer has sufficient funds to retain appellate counsel. The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc. Ann. art. 1.051(d) (Vernon Supp. 2004); *see also* Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.). Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings.

The trial court has discretion to determine whether counsel should be permitted to withdraw solely because appellant has filed a grievance against counsel. *See* King v. State, 29 S.W.2d 556, 566 (Tex.Cr.App. 2000). Furthermore, to avoid further expenditure of judicial resources, we consider it prudent to resolve this issue now rather than invite future litigation by a post-conviction collateral attack. *See* Lerma v. State, 679 S.W.2d 488, 493 (Tex.Cr.App. 1982).

Upon remand the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1. whether to grant counsel's motion to withdraw; and if so,
2. whether appellant still desires to prosecute this appeal and is indigent and entitled to appointed counsel.

2

The trial court shall also cause a hearing to be transcribed.  Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of counsel.  If counsel is appointed, the name, address, telephone number, and state bar number of counsel shall be included in the order appointing counsel.

The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record.  A supplemental reporter's record of the hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, October 1, 2004.

Per Curiam

Do not publish.