NO. 07-04-0242-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 24, 2004



______________________________




JACOB MORGAN MCCALLISTER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT OF HALE COUNTY;



NO. 2003C-569; HONORABLE BILL HOLLARS, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Jacob Morgan McCallister brought this appeal from his conviction for possession
of marijuana. Based on a finding by the trial court that appellant no longer wishes to
prosecute the appeal, we will dismiss.

 The factual and procedural history of the case is set out in our August 19, 2004
order in this appeal and need not be repeated here. See McCallister v. State, No. 07-04-0242-CR (Tex.App.-Amarillo August 19, 2004). That order abated the appeal for a hearing
in accordance with Rule of Appellate Procedure 38.8(b) to determine whether appellant
desires to prosecute the appeal and whether he is indigent and entitled to appointed
counsel. McCallister, at 3. In conformity with our August 19, 2004 order the trial court
gave notice of a hearing and conducted a hearing September 7, 2004. A supplemental
record from that hearing has been filed in this court. It shows the hearing notice was sent
by certified mail, delivered August 28, 2004. Appellant did not appear at the hearing. 
Based on his failure to appear the trial court found appellant does not wish to proceed with
this appeal. 

 In accordance with the factual finding by the trial court, without addressing the
merits, we dismiss this appeal. Tex. R. App. P. 38.8(b)(4), 43.2(f).


 Per Curiam

Do not publish.



.
ORDER ON MOTION TO WITHDRAW
          Pending before the Court is a motion filed by attorney Alexander Reyer seeking to
withdraw as appellate counsel.
          A review of the clerk’s record reveals that, after appellant was convicted and
sentence was imposed, the trial court determined that appellant was indigent and in need
of legal services. The clerk’s record shows that the trial court appointed Reyer to represent
appellant on appeal on January 14, 2009.
          On June 10, 2009, this Court received a motion from Reyer titled Motion for
Withdrawal of Counsel requesting this Court to allow Reyer’s withdrawal from this appeal. 
However, the motion now pending before this Court does not identify any current
deadlines; does not include the party’s name, last known address, or telephone number;
does not state that a copy of the motion was delivered to the party; and does not state that
the party was notified of the right to object to the motion. See Tex. R. App. P. 6.5(a). 
Because the motion fails to comply with the requisites of the rule, we deny the motion.
          We do, however, note that the trial court retains authority over the appointment of
counsel for appellant. See Enriquez v. State, 999 S.W.2d 906, 908 (Tex.App.–Waco 2000,
pet. ref’d). Any request for clarification of appointed counsel’s continuing role in this appeal
is properly directed initially to the trial court. Appellant is directed to supplement the
appellate record with the appropriate documentation of any further action taken by the trial
court with respect to appointed counsel.
          The Motion for Withdrawal of Counsel is denied.
 
                                                                           Per Curiam





Do not publish.