NO. 07-04-0410-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 21, 2004

_____

PAUL HAYES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 110TH DISTRICT COURT OF FLOYD COUNTY;

NO. 4171; HONORABLE JOHN R. HOLLUMS, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, appellant Paul Hayes was convicted by a jury of possession of certain chemicals with the intent to manufacture a controlled substance, and punishment was assessed by the trial court at 35 years confinement. The appellate record has been filed. Pending before this Court is a motion to withdraw filed by appointed

counsel James M. Tirey in which he represents he was elected Hale County Attorney and will take office on January 1, 2005. He further asserts his new duties will prohibit him from representing appellant and requests this appeal be abated for appointment of new counsel.

The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc. Ann. art. 1.051(d) (Vernon Supp. 2004-05); *see also* Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.). Further, the trial court retains authority to appoint or substitute counsel even after the appellate record has been filed. *Enriquez*, 999 S.W.2d at 908. Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings. Tex. R. App. P. 43.6.

Upon remand the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1.  whether to grant appellate counsel's motion to withdraw; and if so,
2.  whether appellant still desires to prosecute this appeal and is indigent and entitled to new appointed counsel.

The trial court shall also cause a hearing to be transcribed. Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name,

address, telephone number, and state bar number of counsel shall be included in the order appointing new counsel.

The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing shall also be included in the appellate record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, February 4, 2005. Finally, if new counsel is appointed, appellant's brief will be due within 30 days after the deadline for filing of the supplemental clerk's record and the supplemental reporter's record and the State's brief will be due within 30 days thereafter. Tex. R. App. P. 38.6(a) & (b).

It is so ordered.

Per Curiam

Do not publish.