NO. 07-05-0168-CR


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 31, 2005


______________________________



MICHAEL RAY DIAZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


 

_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 48,940-C; HONORABLE PATRICK PIRTLE, JUDGE


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON ABATEMENT AND REMAND


 Appellant Michael Ray Diaz has appealed his conviction and sentence following his
felony conviction for indecency/sexual assault of a child and assessment of punishment
that includes a sentence of life confinement. A copy of a notice of appeal was filed with this
Court on May 2, 2005. The clerk's record and reporter's record have not been filed. 
Pending before this Court is a motion to withdraw filed by appointed counsel W. Brooks
Barfield, Jr., who represented appellant at trial, in which counsel states he was not
appointed to represent appellant on appeal.

 The trial court has the responsibility for appointing counsel to represent indigent
defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc.
Ann. arts. 1.051(d), 26.04(j)(2) (Vernon 2005 & Supp. 2004). See also Enriquez v. State,
999 S.W.2d 906, 907 (Tex.App.-Waco 1999, no pet.). Accordingly, we now abate this
appeal and remand the cause to the trial court for further proceedings. Tex. R. App. P.
43.6. 

 Upon remand the trial court shall immediately conduct such hearings as may be
necessary to determine the following, causing proper notice of any such hearing to be
given: 

 1. whether counsel's motion to withdraw should be granted; and if so, 


 whether appellant still desires to prosecute this appeal and is indigent and entitled
to appointed counsel. 



 Should it be determined that appellant desires to continue the appeal, then the trial
court shall also take such measures as may be necessary to assure appellant effective
assistance of counsel, which measures may include the appointment of new counsel. If
new counsel is appointed, the name, address, telephone number, and state bar number
of counsel shall be included in the order appointing new counsel. 

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of any hearing shall also be included in the appellate record. The trial court shall
file the supplemental clerk's record and the supplemental reporter's record with the Clerk
of this Court by June 22, 2005. Finally, if new counsel is appointed, appellant's brief will
be due within 30 days after the deadline for filing of the supplemental clerk's record and the
supplemental reporter's record and the State's brief will be due within 30 days thereafter. 
Tex. R. App. P. 38.6(a) & (b). 

 It is so ordered. 

 Per Curiam 

Do not publish.





ocked="false" Priority="39" Name="toc 7"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00430-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
10, 2011

 



 

JOHN K. LOCKARD, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 364TH DISTRICT COURT OF
LUBBOCK COUNTY;

 

NO. 2008-419,440; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

ORDER ON
ABATEMENT AND REMAND

Following
a plea of not guilty by reason of insanity, appellant, John K. Lockard, was convicted by a jury of murder, and sentenced
to 97 years incarceration in the Texas Department of Criminal Justice,
Institutional Division.  The clerk=s record was filed on January 17,
2011.

Texas
Rule of Appellate Procedure 25.2(a)(2) requires that a
trial court shall enter a Certification of Defendant=s Right of Appeal each time it enters
a judgment of guilt or other appealable order. 
Tex. R. App. P. 25.2(a)(2); Hargesheimer v.
State, 182 S.W.3d 906, 911 (Tex.Crim.App.
2006).  An appeal must be dismissed if
the certification has not been made part of the record under the applicable
rules.  Tex.
R. App. P. 25.2(d).  

Pursuant
to an amendment to Rule 25.2(d), which became effective on September 1, 2007,
the certification of defendant=s right of appeal must be signed by
the defendant and a copy must be given to him. 
Tex. R. App. P.
25.2(d).  Additionally, the certification shall include
a notice that the defendant has been informed of his rights concerning appeal,
as well as his right to file a pro se petition for discretionary review.[1]  

This
Courts review of the clerks record reveals that it does not contain a
certification of defendants right of appeal. 
By correspondence dated January 18, 2011, this Court notified the trial
court and the district clerk that the clerks record does not contain a certification
of defendants right of appeal, and directed that a certification be filed by
the trial court within 30 days of the date of our letter.  To date, this Court has received no
certification of defendants right of appeal.

Consequently,
we now abate this appeal and remand the cause to the trial court for further
proceedings.  Upon remand, the trial
court shall utilize whatever means necessary to secure a Certification of
Defendant=s Right of Appeal in compliance with
Rule 25.2(d).  Once properly executed,
the certification shall be included in a supplemental clerk=s record and filed with the Clerk of
this Court on or before April 6, 2011.

This
order constitutes notice to all parties of the defective certification pursuant
to Rule 37.1 of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 37.1.  If a
supplemental clerk=s record containing a proper
certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal.  See
Tex. R. App. P. 25.2(d).

It is so
ordered.

Per Curiam

Do not publish.  

 

            








 











[1] The proper form for Certification of
Defendant=s Right of Appeal is contained in
Appendix D of the 2008 Texas Rules of Appellate Procedure.