Jose Silvino ENRIQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–99–155–CR.

Court of Appeals of Texas, Waco.

Sept. 1, 1999.

Ricardo De Los Santos, Cleburne, for appellant.

Dale S. Hanna, Johnson County Dist,. Atty., Cleburne, for appellee.

Before: Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

Appellant Jose Silvino Enriquez was convicted on three counts of aggravated sexual assault. The trial judge found the use of a deadly weapon in the commission of those offenses. Enriquez filed a notice of appeal and motion for new trial on May 18, 1999, through his trial attorney, Ricardo De Los Santos. Another motion for new trial was filed on behalf of Enriquez on May 21, 1999, by another attorney, Wes Dauphinot.

On August 5, 1999, we received a Notice of Substitution of Counsel and Designation of Lead Counsel. The trial court's docket sheet reveals that De Los Santos represented Enriquez during his trial and was appointed to represent Enriquez for his appeal. According to the notice of substitution, Enriquez now wants De Los Santos to withdraw as counsel and wants Francisco Hernandez and Wes Dauphinot to pursue his appeal. The notice was signed by Dauphinot, Hernandez and De Los Santos.

We construe this notice as a motion to withdraw and substitute as counsel. *See* Tex.R.App.P. 6.5. We deny the motion.

It is clear that the legislature has given the trial court the responsibility for counsel appointed to represent indigent defendants in criminal proceedings. Tex. Code Crim.Proc.Ann. art. 26.04(a) (Vernon 1989). Equally clear is the authority of the trial court to relieve appointed counsel of his duties or replace him with other counsel. *Id.* The text of the statute is as follows:

(a) Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel.

*Id.* There is no limitation on the time frame during which the trial court has authority to make the appointment or substitution of counsel. Thus, article 26.04(a) provides a statutory exception to appellate rule 25.2(e) which provides that the trial court normally loses jurisdiction over a pending matter when the appellate record has been filed, as it has been in this case. TEX.R.APP.P. 25.2(e). The only limitation is that the change in counsel not prejudice the rights of the defendant. *See Stearnes v. Clinton,* 780 S.W.2d 216 (Tex.Crim.App. 1989) (where the trial court removed appointed counsel because he was uncooperative with and antagonistic toward the State, mandamus was granted); *see also In re Behee,* 987 S.W.2d 903 (Tex.App.— Waco 1999, orig. proceeding) (where trial court removed appointed counsel because the defendant posted bond, mandamus was conditionally granted).

Payments made to appointed attorneys are paid from the general fund of the county where the prosecution was initiated. TEX.CODE CRIM.PROC.ANN. art. 26.05(d) (Vernon 1989). Johnson county is responsible for paying for an attorney to represent Enriquez if he is indigent.

█ If Enriquez is indigent, the trial court has the authority through the Code of Criminal Procedure to relieve De Los Santos of his duties and appoint new counsel for Enriquez' appeal. Any substitution of appointed counsel and the related costs to the county should be determined by the trial court that appointed De Los Santos to Enriquez' criminal proceeding. If Enriquez wants to retain new appellate counsel, the trial court has the authority to replace the appointed counsel.

We, therefore, deny the motion to withdraw and substitute counsel and recognize only De Los Santos as the attorney representing Enriquez on appeal. If the trial court subsequently approves a substitution of counsel in this case, Enriquez is ordered to supplement the appellate record with the appropriate documentation of such substitution. If the substitution is done in the proper form, the proper motion is then made under Rule 6.5(d) of the Texas Rules of Appellate Procedure, and it is not challenged by Enriquez, we are bound to acknowledge the substitution ordered by the trial court.

The Clerk's Record was filed with this Court on June 21, 1999. The Reporter's Record was filed on August 20, 1999. The ordinary timetable for filing briefs has not been altered.