NO. 07-04-0226-CV





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 1, 2004


______________________________



In re: RODNEY WARREN, RWW ENTERPRISES, INC.,



SPSM, LTD., RAY VALDEZ, STEVE GONZALEZ, JEFF JAKSTAS, 



ASHLEY BRUSENHAN, DARRELL BILLINGTON, 



COREY STOVALL and CHRIS GUZMAN



 Relators

_________________________________



Original Proceeding


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Rodney Warren, RWW Enterprises, Inc., SPSM, Ltd., Ray Valdez, Steve Gonzalez,
Jeff Jakstas, Ashley Brusenhan, Darrell Billington, Corey Stovall, and Chris Guzman
(collectively referred to as Warren) petition the court for a writ of mandamus to compel the
Hon. Andrew J. Kupper, 99th Judicial District Court, Lubbock County, to abate various
causes filed in that court pending the final disposition of various causes filed in the 121st
Judicial District Court, Terry County. We deny the petition for the reasons set out in our
opinion and judgment entered this day in cause No. 07-04-0094-CV.

 Accordingly, the petition for writ of mandamus is denied.


 Brian Quinn

 Justice



me to file the brief had not been filed. No response to the clerk's
letter has been received.

 The trial court has the responsibility for appointing counsel to represent indigent
defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc.
Ann. arts. 1.051(d), 26.04(c) (Vernon 2005 & Supp. 2004). See also Enriquez v. State, 999
S.W.2d 906, 907 (Tex.App.-Waco 1999, no pet.). Accordingly, we now abate this appeal
and remand the cause to the trial court for further proceedings. Tex. R. App. P. 43.6. 

 Upon remand the trial court shall immediately conduct such hearings as may be
necessary to determine the following, causing proper notice of any such hearing to be
given: 

 1. whether appellant still desires to prosecute this appeal and is indigent
and entitled to appointed counsel. 


 Should it be determined that appellant desires to continue the appeal, then the trial
court shall also take such measures as may be necessary to assure appellant effective
assistance of counsel, which measures may include the appointment of new counsel. If
new counsel is appointed, the name, address, telephone number, and state bar number
of counsel shall be included in the order appointing new counsel. 

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of any hearing shall also be included in the appellate record. The trial court shall
file the supplemental clerk's record and the supplemental reporter's record with the Clerk
of this Court by October 28, 2005. Finally, if new counsel is appointed, appellant's brief will
be due within 30 days after the deadline for filing of the supplemental clerk's record and
the supplemental reporter's record and the State's brief will be due within 30 days
thereafter. Tex. R. App. P. 38.6(a) & (b). 

 It is so ordered. 

 Per Curiam 

Do not publish.