NO. 07-04-0386-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 24, 2004



______________________________




DEMARCUS LEWIS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 241ST DISTRICT COURT OF SMITH COUNTY;



NO. 241-0230-04; HONORABLE JACK SKEEN, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

ABATEMENT AND REMAND


 Following his conviction for possession of a controlled substance, appellant
Demarcus Lewis, proceeding pro se, filed a notice of appeal. The appellate record is due
to be filed on August 16, 2004. Pending before this Court is trial counsel's motion to
withdraw as appellate counsel in which counsel also requests that appellant be declared
indigent and have counsel appointed for purposes of appeal.

 Counsel represents that appellant has filed a grievance and no longer has sufficient
funds to retain appellate counsel. The trial court has the responsibility for appointing
counsel to represent indigent defendants, as well as the authority to relieve or replace
counsel. Tex. Code Crim. Proc. Ann. art. 1.051(d) (Vernon Supp. 2004); see also Enriquez
v. State, 999 S.W.2d 906, 907 (Tex.App.-Waco 1999, no pet.). Accordingly, we now abate
this appeal and remand the cause to the trial court for further proceedings.

 The trial court has discretion to determine whether counsel should be permitted to
withdraw solely because appellant has filed a grievance against counsel. See King v.
State, 29 S.W.2d 556, 566 (Tex.Cr.App. 2000). Furthermore, to avoid further expenditure
of judicial resources, we consider it prudent to resolve this issue now rather than invite
future litigation by a post-conviction collateral attack. See Lerma v. State, 679 S.W.2d 488,
493 (Tex.Cr.App. 1982).

 Upon remand the trial court shall immediately cause notice of a hearing to be given
and, thereafter conduct a hearing to determine the following:


 whether to grant counsel's motion to withdraw; and if so,
 whether appellant still desires to prosecute this appeal and is indigent
and entitled to appointed counsel.



The trial court shall also cause a hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal, then the trial court shall also take such measures
as may be necessary to assure appellant effective assistance of counsel, which measures
may include the appointment of counsel. If counsel is appointed, the name, address,
telephone number, and state bar number of counsel shall be included in the order
appointing counsel. 

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of the hearing shall also be included in the appellate record. Finally, the trial court
shall file the supplemental clerk's record and the supplemental reporter's record with the
Clerk of this Court by Friday, October 1, 2004.

 Per Curiam

Do not publish.