NO. 07-03-0258-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 2, 2004

______________________________

RICHARD EUGENE SMOTHERMON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. 21069212; HONORABLE ED SELF, JUDGE

_______________________________

Before QUINN and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND

In exchange for his plea of guilty to possession of marihuana, appellant Richard Eugene Smothermon’s guilt was deferred and he was placed on community supervision for eight years.  After several modifications to the conditions of community supervision, the State moved to proceed with an adjudication of guilt for alleged violations to the conditions of community supervision.  Following appellant’s plea of not true, the trial court heard evidence after which it adjudicated appellant guilty of possession and sentenced him to ten years confinement and a $2,500 fine.  The appellate record as well as appellant’s brief and the State’s brief have been filed.  Appellant has requested oral argument.  

On August 25, 2004, court-appointed counsel, James B. Johnston, filed a motion to withdraw on the ground that appellant is dissatisfied with the quality of counsel’s performance.  In support of his motion counsel has attached a copy of a letter from appellant in which appellant accuses counsel of having no work ethic and doing a “sub-par job.”  He urges counsel to have himself removed from his case.

The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel.  Tex. Code Crim. Proc. Ann. art. 1.051(d) (Vernon Supp. 2004); 
see also
 Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.).  Further, the trial court retains authority to appoint or substitute counsel even after the appellate record has been filed.  
Enriquez
, 999 S.W.2d at 908.  Notwithstanding that the record and briefs have been filed, to avoid any conflict of interest we now abate this appeal and remand the cause to the trial court for further proceedings.

The trial court has discretion to determine whether counsel should be permitted to withdraw.  
See
 King v. State, 29 S.W.2d 556, 566 (Tex.Cr.App. 2000).  Furthermore, to avoid further expenditure of judicial resources, we consider it prudent to resolve this issue now rather than invite future litigation by a post-conviction collateral attack.  
See
 Lerma v. State, 679 S.W.2d 488, 493 (Tex.Cr.App. 1982). 

Upon remand the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

whether to grant appellate counsel’s motion to withdraw; and if so,

whether appellant still desires to prosecute this appeal and is indigent and entitled to new appointed counsel.

The trial court shall also cause a hearing to be transcribed.  Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel.  If new counsel is appointed, the name, address, telephone number, and state bar number of counsel shall be included in the order appointing new counsel. 

The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk’s record.  A supplemental reporter’s record of the hearing shall also be included in the appellate record.  The trial court shall file the supplemental clerk’s record and the supplemental reporter’s record with the Clerk of this Court by Friday, October 15, 2004.  Finally, if new counsel is appointed and desires to file a supplemental brief, it will be due within 30 days after the filing of the supplemental clerk’s record and the supplemental reporter’s record and the State’s brief, should it desire to file a supplemental brief, will be due within 30 days thereafter.  Tex. R. App. P. 38.6(a) & (b).  If the trial court denies counsel’s motion to withdraw, the appeal will proceed in due course with the briefs currently on file.

It is so ordered.

Per Curiam

Do not publish.