NO. 07-04-0482-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 11, 2005

_____

GUADALUPE VASQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-404954; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, appellant Guadalupe Vasquez was convicted by a jury of aggravated assault on a public servant and punishment was assessed at 99 years confinement. The appellate record has been filed; appellant's brief was due on December 3, 2004, but has yet to be filed. Attorney of record, Richard L. Wardroup, was notified by

letter of the deficiency and in response, attorney Jesse Mendez filed a motion to substitute counsel and a motion for extension of time in which to file appellant's brief. We abate the appeal and remand the cause for further proceedings.

According to the clerk's record, appellant has been represented by at least four court-appointed attorneys, the fourth being Wardroup. Mendez represents in the motion to substitute counsel that appellant desires to retain him and that Wardroup does not object.

The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc. Ann. art. 1.051(d) (Vernon Supp. 2004); *see also* Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.). Further, the trial court retains authority to appoint or substitute counsel even after the appellate record has been filed. *Enriquez*, 999 S.W.2d at 908. Considering that Wardroup was appointed by the trial court and regardless of whether appellant can now retain his own attorney, we now abate the appeal and remand the cause to the trial court for consideration of the motion to substitute.

Upon remand the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1. whether to grant the motion to substitute Jesse Mendez as attorney of record and permit Richard L. Wardroup to withdraw; and if so,
2. whether appellant still desires to prosecute this appeal.

2

The trial court shall also cause a hearing to be transcribed. Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel. An order granting the motion to substitute shall include the attorney's name, mailing address, telephone number, fax number, and state bar number. Tex. R. App. P. 6.5(d).

The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing shall also be included in the appellate record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, February 11, 2005.

The Court declines to consider the motion filed by Jesse Mendez to extend time in which to file appellant's brief as he is not the attorney of record. However, the Court *sua sponte* grants appellant 30 days from the date the supplemental record is filed in which to file his brief.

It is so ordered.

Per Curiam

Do not publish.