NO. 07-04-0482-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY11, 2005



______________________________




GUADALUPE VASQUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-404954; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Following a plea of not guilty, appellant Guadalupe Vasquez was convicted by a jury
of aggravated assault on a public servant and punishment was assessed at 99 years
confinement. The appellate record has been filed; appellant's brief was due on December
3, 2004, but has yet to be filed. Attorney of record, Richard L. Wardroup, was notified by
letter of the deficiency and in response, attorney Jesse Mendez filed a motion to substitute
counsel and a motion for extension of time in which to file appellant's brief. We abate the
appeal and remand the cause for further proceedings.

 According to the clerk's record, appellant has been represented by at least four
court-appointed attorneys, the fourth being Wardroup. Mendez represents in the motion
to substitute counsel that appellant desires to retain him and that Wardroup does not
object. 

 The trial court has the responsibility for appointing counsel to represent indigent
defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc.
Ann. art. 1.051(d) (Vernon Supp. 2004); see also Enriquez v. State, 999 S.W.2d 906, 907
(Tex.App.-Waco 1999, no pet.). Further, the trial court retains authority to appoint or
substitute counsel even after the appellate record has been filed. Enriquez, 999 S.W.2d
at 908. Considering that Wardroup was appointed by the trial court and regardless of
whether appellant can now retain his own attorney, we now abate the appeal and remand
the cause to the trial court for consideration of the motion to substitute. 

 Upon remand the trial court shall immediately cause notice of a hearing to be given
and, thereafter conduct a hearing to determine the following:


 whether to grant the motion to substitute Jesse Mendez as attorney
of record and permit Richard L. Wardroup to withdraw; and if so,
 whether appellant still desires to prosecute this appeal.


The trial court shall also cause a hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal, then the trial court shall also take such measures
as may be necessary to assure appellant effective assistance of counsel. An order
granting the motion to substitute shall include the attorney's name, mailing address,
telephone number, fax number, and state bar number. Tex. R. App. P. 6.5(d).

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of the hearing shall also be included in the appellate record. The trial court shall file
the supplemental clerk's record and the supplemental reporter's record with the Clerk of
this Court by Friday, February 11, 2005. 

 The Court declines to consider the motion filed by Jesse Mendez to extend time in
which to file appellant's brief as he is not the attorney of record. However, the Court sua
sponte grants appellant 30 days from the date the supplemental record is filed in which to
file his brief. 

 It is so ordered.

 Per Curiam

Do not publish.



ions. Appellant voluntarily answered the officer's questions. At no point did he
request counsel or otherwise indicate that he did not want to answer the officer's questions. 
Therefore, we agree with the State that these questions, asked during the course of the
traffic stop and prior to arrest, did not amount to a custodial interrogation. Point three is
overruled.

 By points one and two, appellant contends the trial court erred in failing to grant a
mistrial after the State commented on his "pre-trial silence." Specifically, appellant directs
us to two separate comments made by the prosecutor during opening statements. The
State contends these points were not preserved for review. We agree.

 As a prerequisite for appellate review, a defendant must make a timely request,
objection, or motion stating the grounds with sufficient specificity to apprise the trial court
of the complaint and obtain an adverse ruling. See Tex. R. App. P. 33.1(a); Martinez v.
State, 91 S.W.3d 331, 337 (Tex.Cr.App. 2002). Additionally, the objection at trial must
comport with the complaint on appeal. Trevino v. State, 991 S.W.2d 849, 854-55
(Tex.Cr.App. 1999). Here, after both comments, appellant objected that the State's
remarks were in violation of article 38.08 of the Code of Criminal Procedure, Article I,
Section 10 of the Texas Constitution, and the Fifth and Fourteenth Amendments to the
United States Constitution. However, article 38.08 prohibits counsel from commenting on
a defendant's failure to testify at trial on his own behalf. Tex. Code Crim. Proc. Ann. art.
38.08 (Vernon 2005). We find no objection in the record which comports with appellant's
points on appeal regarding an improper comment on his "pre-trial silence." Because the
error claimed on appeal does not comport with that presented in the trial court, any alleged
error was not preserved for review. Accordingly, points one and two are overruled.

 Similarly, by points four and five, appellant contends the trial court erred in failing
to sustain his objections to the State's comments on his silence during closing arguments. 
With respect to point four, appellant contests the following remark by the State:

 So there is no evidence before you, zero, zero evidence before you, that
there was a problem with that vehicle.


Appellant contends this was an improper comment on his pre-trial silence and his silence
at trial because he was the only one who could have supplied such information. We
disagree. First, appellant's argument with respect to his pre-trial silence was not preserved
for review for the same reason points one and two were not preserved. Second, apart from
making the declaration in his brief, appellant wholly fails to present any argument or
authority to support his position that the challenged remark constituted an improper
comment on his failure to testify at trial. Thus, his point presents nothing for our review
and is overruled. See Tex. R. App. P. 38.1(h) (requiring appellant's brief to contain a clear
and concise argument for the contentions made with appropriate citations to authorities
and to the record).

 With respect to point five, appellant contests the following remarks by the State:

 This idea about bad driving, sure, that's one clue of intoxication, but it's not
everything. What does the Defendant say about this? Maybe there's
something wrong with the tires, but there's no evidence of this.


Appellant contends these remarks were a comment on his failure to testify. We disagree. 
Again, apart from the contention in his brief, appellant fails to present any argument or
authority to support his position. Even if he had, it is apparent from the record that the
challenged remark was not a comment on appellant's failure to testify but merely an
attempt by the State to summarize appellant's theory of the case. For these reasons, point
five is overruled.

 Finally, by points six and seven, appellant alleges the trial court erred in overruling
his objection to the State's argument that the jury should extrapolate his blood alcohol level
when there was no evidence to allow such an extrapolation. Appellant's entire argument
consists of a single citation to authority stating that it is reversible error to allow
extrapolation unless there are sufficient facts. Appellant presents no argument or
explanation which relates how this authority supports his points under the present facts. 
Thus, his points are inadequately briefed and present nothing for review. See Tex. R. App.
P. 38.1(h); Rocha v State, 16 S.W.3d 1, 20 (Tex.Cr.App. 2000). Points six and seven are
overruled.

 Accordingly, the trial court's judgment is affirmed.

 Don H. Reavis

 Justice


Do not publish.