NO. 07-04-0404-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 11, 2004

_____

ARTURO MARTINEZ NUNEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15388-0402; HONORABLE ED SELF, JUDGE
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, appellant Arturo Martinez Nunez was convicted by a jury of aggravated sexual assault and punishment was assessed by the trial court at 99 years in the Texas Department of Criminal Justice - Institutional Division. The appellate record has been filed. Pending before this Court is a motion to withdraw filed by James M. Tirey, who was appointed to represent appellant in this appeal. Via his motion, Tirey

represents that he was elected Hale County Attorney and took office on January 1, 2005. He further asserts that his new duties will prohibit him from representing appellant and requests that appellant be appointed new counsel.

The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. TEX. CODE CRIM. PROC. ANN. art. 1.051(d) (Vernon Supp. 2004-05); *see also* Enriquez v. State, 999 S.W.2d 906, 907 (Tex. App.–Waco 1999, no pet.). Further, the trial court retains authority to appoint or substitute counsel even after the appellate record has been filed. *Enriquez*, 999 S.W.2d at 908. Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings. TEX. R. APP. P. 43.6.

Upon remand the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.      whether appellant still desires to prosecute this appeal, and

2.      whether appellant is indigent and desires and is entitled to appointed counsel.

The trial court shall also cause a hearing to be transcribed. Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures shall include the appointment of new counsel if appellant desires counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of the newly appointed attorney shall be included in the order appointing him.

The trial court shall execute findings of fact, conclusions of law, and such orders as it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing shall also be included in the appellate record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by February 4, 2005. Finally, if new counsel is appointed, and should the newly appointed counsel feel it necessary to amend the appellant's brief already on file, he must file the amended document on or before March 7, 2005. Should an amended appellant's brief be filed, the State may file an amended brief within 30 days of the date of the filing of appellant's amended brief.

It is so ordered.

Per Curiam

Do not publish.