NO. 07-04-0402-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 4, 2005



______________________________



ELIZABETH A. FIDDLER AND BARRY FIDDLER, APPELLANTS



V.



JAMES D. JACKSON, JR. MD.; ADVANCED SURGERY


GROUP, P.L.L.C.; PALESTINE PRINCIPAL HEALTHCARE


LIMITED PARTNERSHIP D/B/A PALESTINE REGIONAL


MEDICAL CENTER; AND PALESTINE-PRINCIPAL G.P., INC., APPELLEES


_________________________________



FROM THE 369TH DISTRICT COURT OF ANDERSON COUNTY;



NO. XXX-XX-XXXX; HONORABLE DEBORAH OAKES EVANS, JUDGE


_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 On May 2, 2005, appellants filed an Unopposed Motion to Dismiss Appeal. No
decision of this Court having been delivered to date, we grant the motion. Accordingly, the
appeal is dismissed. No motion for rehearing will be entertained and our mandate will issue
forthwith. Tex. R. App. P. 42.1. All costs incurred are adjudged against the party incurring
the same. 


 James T. Campbell

 Justice



 sent a letter, dated January 11, 2006,
to the court reporter and to appellant notifying him that the record had not been filed and
he should certify to this court that he requested the reporter's record by January 23, 2006. 
That letter has been returned to this court marked "return to sender, moved left no address,
unable to forward." 

 The trial court has the responsibility for appointing counsel to represent indigent
defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc.
Ann. arts. 1.051(d), 26.04(c) (Vernon 2005 & Supp. 2005). See also Enriquez v. State, 999
S.W.2d 906, 907 (Tex.App.-Waco 1999, no pet.). Accordingly, we now abate this appeal
and remand the cause to the trial court for further proceedings. Tex. R. App. P. 43.6. 

 Upon remand the trial court shall immediately conduct such hearings as may be
necessary to determine the following, causing proper notice of any such hearing to be
given: 

 1. whether appellant still desires to prosecute this appeal and is indigent
and entitled to appointed counsel. 


 Should it be determined that appellant desires to continue the appeal, then the trial
court shall also take such measures as may be necessary to assure appellant effective
assistance of counsel, which measures may include the appointment of new counsel. If
new counsel is appointed, the name, address, telephone number, and state bar number
of counsel shall be included in the order appointing new counsel. 

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of any hearing shall also be included in the appellate record. The trial court shall
file the supplemental clerk's record and the supplemental reporter's record with the Clerk
of this Court by March 14, 2006. 

 It is so ordered. 

 Per Curiam 

Do not publish.