NO. 07-05-0168-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 31, 2005
_____

MICHAEL RAY DIAZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 48,940-C; HONORABLE PATRICK PIRTLE, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**ORDER ON ABATEMENT AND REMAND**

Appellant Michael Ray Diaz has appealed his conviction and sentence following his felony conviction for indecency/sexual assault of a child and assessment of punishment that includes a sentence of life confinement.  A copy of a notice of appeal was filed with this Court on May 2, 2005. The clerk's record and reporter's record have not been filed. Pending before this Court is a motion to withdraw filed by appointed counsel W. Brooks Barfield, Jr., who represented appellant at trial, in which counsel states he was not appointed to represent appellant on appeal.

The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc. Ann. arts. 1.051(d), 26.04(j)(2) (Vernon 2005 & Supp. 2004). *See also Enriquez v. State*, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.). Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings. Tex. R. App. P. 43.6.

Upon remand the trial court shall immediately conduct such hearings as may be necessary to determine the following, causing proper notice of any such hearing to be given:

1. whether counsel's motion to withdraw should be granted; and if so,

2. whether appellant still desires to prosecute this appeal and is indigent and entitled to appointed counsel.

Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of counsel shall be included in the order appointing new counsel.

The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental reporter's record of any hearing shall also be included in the appellate record. The trial court shall

file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by June 22, 2005.  Finally, if new counsel is appointed, appellant's brief will be due within 30 days after the deadline for filing of the supplemental clerk's record and the supplemental reporter's record and the State's brief will be due within 30 days thereafter. Tex. R. App. P. 38.6(a) & (b).

It is so ordered.

Per Curiam

Do not publish.