NO. 07-05-0102-CR
07-05-0103-CR
07-05-0104-CR
07-05-0105-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 26, 2005
_____

DAVID ARNOLD BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 15,208-B, 15,209-B, 15,210-B, 15,211-B; HONORABLE JOHN BOARD, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**


Appellant David Arnold Brown has appealed his judgment of conviction and sentence. The clerk's record was filed on May 3, 2005, and the reporter's record on June 1, 2005. Pending before this Court is a motion to substitute counsel filed by appointed counsel Laura D. Hamilton.

The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. TEX. CODE CRIM. PROC.

ANN. art. 1.051(d) (Vernon Supp. 2004-05). See also Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.). Further, the trial court retains authority to appoint or substitute counsel even after the appellate record has been filed. Enriquez, 999 S.W.2d at 908. See TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (Vernon Supp. 2004-05). Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings. TEX. R. APP. P. 43.6.

Upon remand the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1. whether to grant counsel's motion to substitute counsel; and if so,

2. whether appellant still desires to prosecute this appeal and is indigent and entitled to new appointed counsel.

The trial court shall also cause the hearing to be transcribed. Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of counsel shall be included in the order appointing new counsel.

The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing shall also be included in the appellate record. The trial court shall file

2

the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by August 15, 2005. Finally, if new counsel is appointed, appellant's brief will be due within 30 days after the deadline for filing of the supplemental clerk's record and the supplemental reporter's record and the State's brief will be due within 30 days thereafter. TEX. R. APP. P. 38.6(a) & (b).

It is so ordered.

Per Curiam

Do not publish.