NO. 07-05-0204-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 28, 2005
_____

RONALD THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15178-0310; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant Ronald Thomas has appealed his conviction and sentence following his conviction for possession of a controlled substance and assessment of punishment that includes an 18 month sentence in a state jail facility.  A copy of a notice of appeal was filed with this Court on June 7, 2005. The clerk's record and reporter's record have been filed. An order allowing trial counsel, Mr. Kregg Hukill, to withdraw was granted by the trial court on June 6, 2005.   No appellate counsel has been appointed.

Appellant's brief was due on August 22, 2005 and has not been filed. The clerk of this court sent a letter, dated September 14, 2005, to appellant notifying him that the brief and an extension of time to file the brief had not been filed. No response to the clerk's letter has been received.

The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(c) (Vernon 2005 & Supp. 2004). *See also Enriquez v. State*, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.). Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings. TEX. R. APP. P. 43.6.

Upon remand the trial court shall immediately conduct such hearings as may be necessary to determine the following, causing proper notice of any such hearing to be given:

1.    whether appellant still desires to prosecute this appeal and is indigent and entitled to appointed counsel.

Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of counsel shall be included in the order appointing new counsel.

The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and

conclusions to be included in a supplemental clerk's record. A supplemental reporter's record of any hearing shall also be included in the appellate record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by October 28, 2005. Finally, if new counsel is appointed, appellant's brief will be due within 30 days after the deadline for filing of the supplemental clerk's record and the supplemental reporter's record and the State's brief will be due within 30 days thereafter. TEX. R. APP. P. 38.6(a) & (b).

It is so ordered.

Per Curiam

Do not publish.