NO. 07-05-0369-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 22, 2005



______________________________


 

CRUZ TIJERINA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-406077; HONORABLE BRADLEY UNDERWOOD, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON ABATEMENT AND REMAND


 Appellant Cruz Tijerina has appealed his conviction and sentence following his
conviction of possession of a controlled substance and assessment of punishment that
includes 5 years confinement. The clerk's record was filed on November 29, 2005 and the
reporter's record has not been filed. Attorney William E. McNamara III has filed a copy of
the trial court's Order On Motion to Withdraw as Counsel granting Mr. McNamara's motion
to withdraw as appointed counsel for appellant. 

 The trial court has the responsibility for appointing counsel to represent indigent
defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc.
Ann. art. 1.051(d) (Vernon Supp. 2004-05). See also Enriquez v. State, 999 S.W.2d 906,
907 (Tex.App.-Waco 1999, no pet.). Further, the trial court retains authority to appoint or
substitute counsel even after the appellate record has been filed. Enriquez, 999 S.W.2d
at 908. See Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp. 2004-05). 
Accordingly, we now abate this appeal and remand the cause to the trial court for further
proceedings. Tex. R. App. P. 43.6. 

 Upon remand the trial court shall immediately cause notice of a hearing to be given
and thereafter conduct a hearing to determine the following: 

 (1) whether appellant desires to prosecute this appeal; 


 if appellant desires to prosecute this appeal, then whether appellant
is entitled to appointed counsel;
 what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant's appeal
if appellant does not desire to prosecute this appeal, or, if appellant
desires to prosecute this appeal, to assure that the appeal will be
diligently pursued.



 Should it be determined that appellant desires to continue the appeal, then the trial
court shall also take such measures as may be necessary to assure appellant effective
assistance of counsel. If new counsel is appointed, the name, address, telephone number,
and state bar number of counsel shall be included in the order appointing new counsel. 

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of the hearing shall also be included in the appellate record. The trial court shall file
the supplemental clerk's record and the supplemental reporter's record with the Clerk of
this Court by January 23, 2006. Finally, if new counsel is appointed, appellant's brief will
be due within 30 days after the deadline for filing of the supplemental clerk's record and
the supplemental reporter's record and the State's brief will be due within 30 days
thereafter. Tex. R. App. P. 38.6(a) & (b). 

 It is so ordered. 

 Per Curiam 

Do not publish.



peals' decision. . . . We believe the Court of Appeals was in error
to rely on Rule 2(b) as a mechanism to extend the time limits for the filing of
a motion for a new trial imposed by Rule 31(a)(1). . . . Rule 2(b) is in
essence an escape valve to be used by an appellate court when a case
becomes unduly stalled or delayed in the appellate process due to
procedural rules, and the interests of justice compel speeding up the
process; although Rule 2(b) may be used to shorten the time limits when
justice so requires, it should not be used as a method to lengthen procedural
time limits absent truly extraordinary circumstances, even in an effort to
protect the substantive rights of litigants. Oldham v. State, 977 S.W.2d at
356, 360.


 In State v. Riewe, No. 699-99 (Tex.Crim.App. Mar. 8, 2000), the court reiterated its
statements in Oldham to the effect that Rule 2 is not to be used to enlarge timeframes
established by the appellate rules for appeals: "[Rule 2] was not intended to be used to
lengthen procedural time limits, even in an effort to protect the substantive rights of
litigants."

ANALYSIS

 Granting appellant's motion would expand the time limits established by the TRAP
for appellant's appeals process. As Rule 2 has been interpreted in Oldham and Riewe,
we cannot suspend the operation of Rule 21.8 and extend the time for the trial court to rule
on appellant's amended motion for new trial under the circumstances presented by
appellant. Thus, assuming appellant, the State, and the trial judge agreed on the proposal
as described in appellant's motion, we still must, and therefore do, deny appellant's
motion. 

 Per Curiam


Do not publish.

1. Further references to the rules of appellate procedure will be by reference to "Rule"
or "TRAP."