NO. 07-05-0369-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 22, 2005

_____

CRUZ TIJERINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-406077; HONORABLE BRADLEY UNDERWOOD, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**ORDER ON ABATEMENT AND REMAND**

Appellant Cruz Tijerina has appealed his conviction and sentence following his conviction of possession of a controlled substance and assessment of punishment that includes 5 years confinement. The clerk's record was filed on November 29, 2005 and the reporter's record has not been filed. Attorney William E. McNamara III has filed a copy of the trial court's Order On Motion to Withdraw as Counsel granting Mr. McNamara's motion to withdraw as appointed counsel for appellant.

The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc. Ann. art. 1.051(d) (Vernon Supp. 2004-05). *See also Enriquez v. State*, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.). Further, the trial court retains authority to appoint or substitute counsel even after the appellate record has been filed. *Enriquez*, 999 S.W.2d at 908. *See* Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp. 2004-05). Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings. TEX. R. APP. P. 43.6.

Upon remand the trial court shall immediately cause notice of a hearing to be given and thereafter conduct a hearing to determine the following:

(1)     whether appellant desires to prosecute this appeal;

(2)     if appellant desires to prosecute this appeal, then whether appellant is entitled to appointed counsel;

(3)     what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of counsel shall be included in the order appointing new counsel.

The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and

conclusions to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing shall also be included in the appellate record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by January 23, 2006. Finally, if new counsel is appointed, appellant's brief will be due within 30 days after the deadline for filing of the supplemental clerk's record and the supplemental reporter's record and the State's brief will be due within 30 days thereafter. TEX. R. APP. P. 38.6(a) & (b).

It is so ordered.

Per Curiam

Do not publish.