NO. 07-05-0444-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 14, 2006
_____

ADAM GRANADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3696; HONORABLE RON ENNS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant Adam Granado has appealed his conviction and sentence following his conviction for money laundering and assessment of punishment that includes a five year sentence in the Texas Department of Criminal Justice - Institutional Division, which was probated for 10 years. A copy of a notice of appeal was filed with this Court on December 8, 2005. The clerk's record was filed on January 3, 2006 and the reporter's record has not been filed. David Martinez was trial counsel and no appellate counsel has been appointed.

The court reporter's record was due to be filed on January 2, 2006. An extension motion was filed on January 11, 2006 indicating that appellant had not submitted a request for preparation of the record. The clerk of this court sent a letter, dated January 11, 2006, to the court reporter and to appellant notifying him that the record had not been filed and he should certify to this court that he requested the reporter's record by January 23, 2006. That letter has been returned to this court marked "return to sender, moved left no address, unable to forward."

The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(c) (Vernon 2005 & Supp. 2005). See also Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.). Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings. TEX. R. APP. P. 43.6.

Upon remand the trial court shall immediately conduct such hearings as may be necessary to determine the following, causing proper notice of any such hearing to be given:

1. whether appellant still desires to prosecute this appeal and is indigent and entitled to appointed counsel.

Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If

new counsel is appointed, the name, address, telephone number, and state bar number of counsel shall be included in the order appointing new counsel.

The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental reporter's record of any hearing shall also be included in the appellate record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by March 14, 2006.

It is so ordered.

Per Curiam

Do not publish.