NO. 07-05-0409-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 28, 2006



______________________________


 

CECIL CHARLES CASEL AKA CECIL CASEL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;



NO. 0923863D; HONORABLE ROBERT K. GILL, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant, Cecil Charles Casel a/k/a Cecil Casel, appeals his conviction for unlawful
possession of a firearm and sentence of five years in the Institutional Division of the Texas
Department of Criminal Justice. A copy of a notice of appeal was filed with the Second
District Court of Appeals on September 12, 2005. This case was then transferred to this
Court by order of the Texas Supreme Court on November 9, 2005. The clerk's record was
filed on December 28, 2005. The reporter's record has not been filed due to appellant's
inaction in designating the record and making arrangements for payment. An order
allowing trial counsel, Abe Factor, to withdraw was granted by this court on January 26,
2006. No appellate counsel has been appointed. 

 All correspondence that this Court has sent to appellant has been returned as
insufficient address. Our efforts to locate the appellant have failed. 

 The trial court has the responsibility for appointing counsel to represent indigent
defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc.
Ann. arts. 1.051(d) (Vernon 2005), 26.04(c) (Vernon Supp. 2005). See also Enriquez v.
State, 999 S.W.2d 906, 907 (Tex.App.-Waco 1999, no pet.). Accordingly, we now abate
this appeal and remand the cause to the trial court for further proceedings. Tex. R. App.
P. 43.6. 

 Upon remand the trial court shall immediately conduct such hearings as may be
necessary to determine the following, causing proper notice of any such hearing to be
given: 

 1. whether appellant still desires to prosecute this appeal and is indigent
and entitled to appointed counsel. 


 a proper address so that this court may contact appellant. 
 what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant's appeal if appellant does not
desire to prosecute this appeal, or, if appellant desires to prosecute this
appeal, to assure that the appeal will be diligently pursued. 



 Should it be determined that appellant desires to continue the appeal, then the trial
court shall also take such measures as may be necessary to assure appellant effective
assistance of counsel, which measures may include the appointment of new counsel. If
new counsel is appointed, the name, address, telephone number, and state bar number
of counsel shall be included in the order appointing new counsel. 

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of any hearing shall also be included in the appellate record. The trial court shall
file the supplemental clerk's record and the supplemental reporter's record with the Clerk
of this Court by March 27, 2006. Finally, if new counsel is appointed, appellant's brief will
be due within 30 days after the deadline for filing of the supplemental clerk's record and the
supplemental reporter's record and the State's brief will be due within 30 days thereafter. 
Tex. R. App. P. 38.6(a),(b). 

 It is so ordered. 

 

 Per Curiam 

Do not publish.





en="false"
 UnhideWhenUsed="false" QFormat="true" Name="Emphasis"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00269-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
12, 2010

 



 

CHASCO CONSTRUCTORS LTD., L.L.P.,

CHASCO CONTRACTING LTD., AND

CHASCO CONTRACTING MANAGEMENT, L.L.C., APPELLANTS

 

v.

 

W.P. HOWLE MASONRY CONTRACTOR, INC., APPELLEE 



 



 

 FROM THE 30TH DISTRICT COURT OF WICHITA
COUNTY;

 

NO. 170,528-A; HONORABLE ROBERT P. BROTHERTON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 








Appellants, Chasco
Constructors Ltd., L.L.P., Chasco Contracting Ltd.,
and Chasco Contracting Management, L.L.C.
(collectively, Chasco), perfected this appeal from
the trial courts entry of Final Summary Judgment awarding appellee,
W.P. Howle Masonry Contractor, Inc., damages of
$17,250.70, plus pre and post judgment interest, attorneys fees, and costs of
court.  The clerks record was filed on
July 9, 2010.  Due to the nature of the
disposition, there was no reporters record to be filed.  By letter dated July 12, Chasco
was notified that their appellate brief was due to be filed by August 9.  On August 6, Chasco
requested an extension of time to file appellants brief which was granted
making the brief due on September 8.  Chasco did not file their brief nor request an extension of
time to file their brief by September 8. 
By letter dated September 15, the Clerk of this Court notified Chasco that the brief was past due and that failure to file
the brief with this Court on or before September 27,
could result in dismissal of their appeal pursuant to Rules 38.8(a) and 42.3 of
the Texas Rules of Appellate Procedure.  Chasco has neither filed their brief nor responded to this
Courts September 15 correspondence.

            Accordingly,
we dismiss this appeal for want of prosecution and failure to comply with a
notice from the Clerk of this Court requiring a response or other action in a
specified time.  See Tex. R. App. P. 38.8(a)(1), 42.3(b), (c).

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice