IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00029-CR

 

Roger Olan Brannan,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 35,430

 



abatement ORDER










 

            Roger Olan Brannan was convicted of
two counts of burglary of a building which were enhanced to second degree
felonies.  See Tex. Penal Code
Ann. § 30.02 (Vernon 2003).  He was sentenced to six years in prison.  

            The trial court modified the
Certification of Defendant’s Right of Appeal to indicate that the case “is not
a plea bargain case as to sentencing phase, and the defendant has the
right of appeal.”  It is unclear whether Brannan pled guilty pursuant to a plea
bargain as to guilt only, whether Brannan has the right to appeal anything
occurring in both the guilt/innocence phase and the punishment phase of the
trial, or whether his right of appeal is limited to the punishment phase only.

            Further, Brannan sent a letter to the
trial court expressing his desire to appeal, his displeasure with his counsel,
and his request for “a lawyer that will represent my case in my best
interest.”  Because counsel is appointed, the trial court must decide whether
to remove or allow counsel to withdraw.  See Enriquez v. State, 999
S.W.2d 906, 907-908 (Tex. App.—Waco 1999, order); Tex. Code Crim. Proc. art 26.04(j)(2) (Vernon Supp. 2008).

            Accordingly, this case is abated to
the trial court to conduct a hearing, within 30 days from the date of
this order, to determine the scope of the Certification of Defendant’s Right of
Appeal and to consider whether to remove counsel or allow counsel to withdraw
or whether to appoint new counsel.  The hearing regarding appointment of
counsel will be similar to a Rule 38.8(b)(3) hearing.  See Tex. R. App. P. 38.8(b)(3).

          A supplemental clerk’s record,
evidencing the trial court’s decision as to the scope of the Certification of
Right of Appeal and as to the appointment of counsel, and a supplemental
reporter’s record, if any, are ordered to be filed within 45 days from the
date of this order.

 

                                                                  
PER CURIAM

 

Before
Chief Justice Gray,

         
Justice Reyna, and

         
Justice Davis

Appeal
abated

Order
issued and filed February 11, 2009

Do
not publish