

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00360-CR
_____

JORGE LUIS OVALLEGUTIERREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1458422R; Honorable Louis E. Sturns, Presiding

January 29, 2019

## ABATEMENT AND REMAND

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Jorge Luis Ovallegutierrez, appeals his conviction for murder[1] and sentence to twenty-eight years confinement.[2]  Appellant is represented by court-appointed counsel.  The appellate record has been filed and Appellant's brief is due

---

[1] TEX. PENAL CODE. ANN. § 19.02(c) (West 2011).

[2] This case was transferred from the Second Court of Appeals to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

February 15, 2019.  Now pending before this court is the motion to withdraw of Appellant's counsel due to a potential conflict of interest.

The trial court has the responsibility for appointing counsel to represent indigent defendants as well as the authority to relieve or replace appointed counsel upon a finding of good cause.  *See* TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(j)(2) (West Supp. 2018); *see also Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, no pet.). Consequently, we abate this appeal and remand the cause to the 213th District Court of Tarrant County for further proceedings.

Upon remand, the trial court shall determine the following:

1.   whether Appellant still desires to prosecute the appeal;

2.   whether good cause exists for removal of his court-appointed counsel; and

3.   whether Appellant remains indigent and is entitled to appointment of new counsel.

If it is determined that Appellant desires to proceed with the appeal and is entitled to appointment of new counsel, the trial court shall grant counsel's motion to withdraw and appoint new counsel.  The name, address, email address, state bar number, and telephone number of the newly-appointed counsel shall be provided to this court by a supplemental clerk's record to be filed by February 28, 2019.  If it should be determined that Appellant is not entitled to the appointment of new counsel, the trial court shall enter an order to that effect and provide it to this court by a supplemental clerk's record to be filed by February 28, 2019.

The current deadline for filing Appellant's brief is suspended. If new counsel is appointed, Appellant's brief shall be due thirty days from the date of the order of appointment. If new counsel is not appointed, Appellant's brief shall be due thirty days from the date of the order denying the motion to withdraw.

Should further time be needed to perform these tasks, then same must be requested before February 22, 2019.

It is so ordered.

Per Curiam

Do not publish.