

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00293-CR

---

**JAMES DORA, JR., APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2019-417,316, Honorable John J. "Trey" McClendon III, Presiding

---

October 14, 2022

## ORDER OF ABATEMENT AND REMAND

Before QUINN, CJ, and PARKER and DOSS, JJ.

Appellant James Dora, Jr. appeals his conviction for aggravated robbery[1] and sentence to forty-five years' confinement. The appellate record has been filed and Appellant's brief was due October 5, 2022. Now pending before this Court is the motion of Appellant's appointed counsel, Lane A Haygood, requesting that we permit him to withdraw from representation prior to filing Appellant's brief and remand the cause to the

---

[1] *See* TEX. PENAL CODE ANN. § 29.03.

trial court to determine whether new counsel should be appointed. In the motion, Haygood states that Appellant is "dissatisfied with appointed counsel's representation" and that "[c]ommunication between counsel and client has broken down to the point that it frustrates the ends of representation."

Because the trial court has responsibility for appointing counsel to represent indigent defendants in criminal cases as well as the authority to relieve or replace appointed counsel, we abate the appeal and remand the cause to the trial court to rule on counsel's motion to withdraw. *See* TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(j)(2); *Enriquez v. State*, 999 S.W.2d 906, 907–08 (Tex. App.—Waco 1999, order). Upon remand, the trial court shall determine (1) whether Appellant still desires to prosecute the appeal; (2) whether to grant Appellant's counsel's motion to withdraw; and (3) if the motion to withdraw is granted, whether Appellant is indigent and entitled to appointment of new counsel. *See* TEX. CODE CRIM PROC. ANN. arts. 1.051(d), 26.04(j)(2); TEX. R. APP. P. 25.2(g). If the trial court grants the motion to withdraw and appoints Appellant new counsel; the name, address, email address, phone number, and State Bar number of any newly-appointed counsel shall be included in the Court's findings. The trial court may also enter such orders necessary to address the aforementioned questions. The trial court's findings and any orders issued shall be included in a supplemental clerk's record to be filed with this Court by November 14, 2022.

It is so ordered.

Per Curiam