# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00137-CR

**Kevin Edward Martin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CR27,644, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The reporter's record in this appeal was due for filing in this Court on April 24, 2024. On April 11, 2024, the court reporter informed us that the record had not been requested. On May 1, 2024, we ordered appellant through his appointed counsel to provide written verification that a request for preparation of the reporter's record had been made and advised that if the verification were not received, we would consider the appeal without the reporter's record. To date, no response has been received, and the reporter's record has not been filed.

Further, the clerk's record in this appeal was due on April 29, 2024, and on May 7, 2024, we received a status report from the trial court clerk stating that appointed counsel had not contacted the clerk's office to proceed with the appeal. On May 7, 2024, we sent a letter to counsel ordering appellant to provide us with either written verification that arrangements for

the clerk's record had been made or written documentation that appellant has been found indigent. We also informed appellant that failure to comply with the order could result in dismissal of the appeal for want of prosecution. *See* Tex. R. App. P. 37.3(b). As with our order regarding the reporter's record, no response or record has been received.

The District Clerk's Information Sheet reflects that appellant has been appointed counsel on appeal. Counsel has not filed a motion to withdraw.

In criminal proceedings, an indigent defendant is entitled to have an attorney appointed to represent him on appeal. Tex. Code Crim. Proc. art. 1.051(d)(1). Additionally, an indigent defendant is entitled to a free record on appeal. *See* Tex. R. App. P. 20.2. The Legislature has given the trial court the responsibility of appointing counsel in criminal proceedings. Tex. Code Crim. Proc. arts. 1.051(d), 26.04(j)(2). When counsel is appointed by a trial court to represent an indigent defendant on appeal, it is generally the trial court's responsibility to relieve or replace counsel. *See Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, no pet.); *Williamson v. State*, No. 13–12–00672–CR, 2013 WL 363677, at *1 (Tex. App.—Austin Jan. 25, 2013, no pet.) (mem. op., not designated for publication).

Accordingly, the appeal is abated and remanded to the trial court, which shall conduct a hearing to determine whether appellant desires to prosecute this appeal, whether appellant is indigent, and, if so, whether counsel has abandoned this appeal. The court shall make appropriate written findings and recommendations. *See* Tex. R. App. P. 37.3(a)(2) (appellate court must make whatever order is appropriate to avoid further delay and preserve parties' rights when record has not been timely filed); *id.* R. 35.3(c) (appellate court must allow record to be filed late when delay is not appellant's fault). If necessary, the court shall appoint substitute counsel to represent appellant in this appeal. *See id.* R. 38.8(4) (appellate court may

act appropriately to ensure appellant's rights are protected when appellant is represented by counsel). Following the hearing, which shall be transcribed, the trial court shall order the appropriate supplemental clerk's and reporter's records—including all findings and orders—to be prepared and forwarded to this Court no later than July 8, 2024.

It is so ordered June 5, 2024.


Before Chief Justice Byrne, Justices Smith and Theofanis

Abated and Remanded

Filed:   June 5, 2024

Do Not Publish