NO. 07-05-0102-CR

 07-05-0103-CR

 07-05-0104-CR

 07-05-0105-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 26, 2005


______________________________



DAVID ARNOLD BROWN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 15,208-B, 15,209-B, 15,210-B, 15,211-B; HONORABLE JOHN BOARD, JUDGE


_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant David Arnold Brown has appealed his judgment of conviction and
sentence. The clerk's record was filed on May 3, 2005, and the reporter's record on June
1, 2005. Pending before this Court is a motion to substitute counsel filed by appointed
counsel Laura D. Hamilton. 

 The trial court has the responsibility for appointing counsel to represent indigent
defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc.
Ann. art. 1.051(d) (Vernon Supp. 2004-05). See also Enriquez v. State, 999 S.W.2d 906,
907 (Tex.App.-Waco 1999, no pet.). Further, the trial court retains authority to appoint or
substitute counsel even after the appellate record has been filed. Enriquez, 999 S.W.2d
at 908. See Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp. 2004-05). 
Accordingly, we now abate this appeal and remand the cause to the trial court for further
proceedings. Tex. R. App. P. 43.6. 

 Upon remand the trial court shall immediately cause notice of a hearing to be given
and, thereafter conduct a hearing to determine the following: 

 1. whether to grant counsel's motion to substitute counsel; and if so, 


 whether appellant still desires to prosecute this appeal and is indigent
and entitled to new appointed counsel. 



The trial court shall also cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal, then the trial court shall also take such measures
as may be necessary to assure appellant effective assistance of counsel, which measures
may include the appointment of new counsel. If new counsel is appointed, the name,
address, telephone number, and state bar number of counsel shall be included in the order
appointing new counsel. 

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of the hearing shall also be included in the appellate record. The trial court shall file
the supplemental clerk's record and the supplemental reporter's record with the Clerk of this
Court by August 15, 2005. Finally, if new counsel is appointed, appellant's brief will be due
within 30 days after the deadline for filing of the supplemental clerk's record and the
supplemental reporter's record and the State's brief will be due within 30 days thereafter. 
Tex. R. App. P. 38.6(a) & (b). 

 It is so ordered. 

 Per Curiam 

Do not publish.




 be it; 
I just don’t want to be the ball.




          Pending before the court is an application from Brian Freeman Barkley for a writ of
mandamus. The matter spawns from the divorce between Barkley and Megan Dozier. 
During the marriage, the two had one child who is the indirect subject of this proceeding. 
Both parents were appointed the child’s joint managing conservators. Dozier, however,
was authorized to designate the child’s primary residence so long as it was within Potter
or Randall County. Eventually, Dozier moved to Cottle County with the child and petitioned
to have the Potter/Randall geographic restriction modified. In turn, Barkley sought
sanctions and an order holding her in contempt. Via a “temporary order,” Dozier was held
in contempt but freed from limiting the child’s primary residence to either Potter or Randall
counties. The trial court allowed her to designate a primary residence within 150 miles of
those counties. That resulted in Barkley petitioning for mandamus.
          Frankly, we do not know of the particular relief sought by Barkley. He disputes the
validity of the trial court’s “temporary order” and posits that the trial court should not have
conducted a hearing. Yet, instead of suggesting what we should direct the trial court to do,
he simply asks that his petition be granted and that he be awarded such other relief to
which he may be entitled. Despite this omission, we assume that he wants us to direct the
trial court to withdraw its “temporary order.” We deny the invitation to do so for several
reasons.
          Regarding his first complaint, Barkley suggests that the trial court should not have
held a hearing on Dozier’s request to broaden the geographic restriction because she
neglected to attach an affidavit to her petition. Purportedly, §156.102 of the Texas Family
Code required her to do so as a prerequisite to receiving an evidentiary hearing. That
statute applies to actions wherein one “seek[s] to modify the designation of the person
having the exclusive right to designate the primary residence of a child” and obligates the
petitioner to “execute and attach an affidavit” to the petition. Tex. Fam. Code Ann. 
§156.102(a) (Vernon 2008). Additionally, the affidavit must contain one or more
allegations itemized in the statute. Those allegations along with the purported facts
accompanying them are the indicia to be used by the trial court to determine whether an
evidentiary hearing is warranted. That is, if the affidavit contains “facts adequate to
support” one or more of the requisite statutory allegations, then the trial court must
schedule the matter for hearing. If not, then it may not. Id. §156.102(c). 
          Whether a petition to expand geographic restrictions like that involved here is an
effort to “modify the designation of the person having the exclusive right to designate the
primary residence of a child” is something we need not address. This is so because the
issue before us is moot. See In re H & R Block Financial Advisors, Inc., 262 S.W.3d 896,
900 (Tex. App.–Houston [14th Dist.] 2008, orig. proceeding) (stating that an issue is moot
when its resolution is no longer relevant). As previously mentioned, the legislature
specified that the affidavit was to be used as a means of determining whether a hearing
should be held. Since the trial court actually held the hearing, whether it should hold such
a hearing is no longer relevant. Indeed, we analogize the situation to one involving a
summary judgment. If a trial court was to grant a partial summary judgment in absence of
the necessary evidentiary support but then try the same issue and enter judgment based
upon the evidence tendered at trial, it no longer matters whether the evidence supported
the summary judgment. This is so because the issue was resolved at trial as opposed to
some preliminary procedure which exists for the purpose of assessing whether a trial is
needed. So, other than being an academic exercise, it matters not whether evidence
exists to warrant a hearing when the court actually holds the hearing and resolves the
dispute upon the evidence there tendered. And, that happened here.
          Second, because the trial court convened the aforementioned evidentiary hearing,
we are precluded from addressing Barkley’s second issue. The last encompasses whether
there was some evidence to support the trial court’s decision to modify the geographic
restriction. Because evidence appears of record creating a fact issue for the trial court to
decide (e.g. Dozier’s recent marriage to someone who lives and works outside Potter and
Randall counties), we cannot, through mandamus, address whether the evidence was
sufficient to support that decision. See In re Acadia Ins. Co., 279 S.W.3d 777, 779 (Tex.
App.–Amarillo 2007, orig. proceeding) (holding that an appellate court cannot issue a writ
of mandamus where the trial court’s decision is based upon disputed evidence). 
          Accordingly, the petition for writ of mandamus is denied.
 
                                                                           Brian Quinn
                                                                          Chief Justice