NO. 07-05-0409-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 28, 2006

_____

CECIL CHARLES CASEL AKA CECIL CASEL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;

NO. 0923863D; HONORABLE ROBERT K. GILL, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

## ON ABATEMENT AND REMAND

Appellant, Cecil Charles Casel a/k/a Cecil Casel, appeals his conviction for unlawful possession of a firearm and sentence of five years in the Institutional Division of the Texas Department of Criminal Justice. A copy of a notice of appeal was filed with the Second District Court of Appeals on September 12, 2005. This case was then transferred to this Court by order of the Texas Supreme Court on November 9, 2005. The clerk's record was filed on December 28, 2005. The reporter's record has not been filed due to appellant's inaction in designating the record and making arrangements for payment. An order

allowing trial counsel, Abe Factor, to withdraw was granted by this court on January 26, 2006. No appellate counsel has been appointed.

All correspondence that this Court has sent to appellant has been returned as insufficient address. Our efforts to locate the appellant have failed.

The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. TEX. CODE CRIM. PROC. ANN. arts. 1.051(d) (Vernon 2005), 26.04(c) (Vernon Supp. 2005). See also Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.). Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings. TEX. R. APP. P. 43.6.

Upon remand the trial court shall immediately conduct such hearings as may be necessary to determine the following, causing proper notice of any such hearing to be given:

1. whether appellant still desires to prosecute this appeal and is indigent and entitled to appointed counsel.
2. a proper address so that this court may contact appellant.
3. what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If

new counsel is appointed, the name, address, telephone number, and state bar number of counsel shall be included in the order appointing new counsel.

The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental reporter's record of any hearing shall also be included in the appellate record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by March 27, 2006. Finally, if new counsel is appointed, appellant's brief will be due within 30 days after the deadline for filing of the supplemental clerk's record and the supplemental reporter's record and the State's brief will be due within 30 days thereafter. TEX. R. APP. P. 38.6(a),(b).

It is so ordered.

Per Curiam

Do not publish.