NO. 07-08-0024-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 5, 2008

______________________________


RICHARD OWEN DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE CRIMINAL DISTRICT COURT NO. ONE OF TARRANT COUNTY;

NO. 1045556D; HONORABLE SHAREN WILSON, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          On October 17, 2007, following a plea of guilty, Appellant, Richard Owen Davis, was
convicted by a jury of unlawful possession of a firearm, enhanced. Punishment was
assessed at twenty-five years confinement. Notice of Appeal was filed on November 16,
2007, and the case was assigned Cause No. 02-07-0440-CR, in the Court of Appeals for
the Second District of Texas. Initially, the reporter’s record was due to be filed on
December 17, 2007. When the record was not filed, the Second Court of Appeals directed
counsel to provide proof of payment and designation of the record by January 22, 2008. 
The appeal was then transferred to the Seventh Court of Appeals by order of the Texas
Supreme Court. When counsel failed to file proof of payment or a designation of the
record, this Court again directed counsel to certify, in writing, whether Rules 34.6(b)(1) and
35.3(b) of the Texas Rules of Appellate Procedure had been complied with by February
14, 2008. Counsel was further advised that failure to comply with the Court’s direction
would result in Appellant’s brief being due February 21, 2008. Counsel has not responded
to that notice nor has the Appellant’s brief been filed.
          Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate
Procedure. Upon remand, the trial court shall utilize whatever means necessary to make
appropriate findings and recommendations concerning the following: 
          1.      whether Appellant desires to prosecute this appeal;
2.why Appellant’s counsel, Karl E. Spahr, has failed to file a brief; 
3. whether Appellant has been denied effective assistance of counsel;
          4.       whether Appellant’s counsel, Karl E. Spahr, should be removed; and
          5.       whether Appellant is indigent and entitled to court-appointed counsel.
 
          Should the trial court determine that Appellant does want to continue the appeal,
that present counsel should be removed, and that Appellant is indigent and entitled to
court-appointed counsel, the trial court shall appoint new counsel to represent Appellant
in this appeal. If new counsel is appointed, the name, address, telephone number, and
state bar number of said counsel shall be included in an order appointing counsel. 
          The trial court shall cause its finding and recommendations, together with any orders
it may enter regarding the aforementioned issues, to be included in a supplemental clerk's
record. Furthermore, the trial court shall cause a supplemental reporter’s record of any
proceedings to be prepared. The supplemental clerk’s record and supplemental reporter’s
record, if any, shall be filed with the Clerk of this Court on or before Monday, April 7, 2008. 
          It is so ordered.
Per Curiam
Do not publish.
           
          
 



el is
appointed by the trial court to represent an indigent defendant, it is the trial court’s
responsibility to relieve or replace counsel even after the appellate record has been filed. 
See Tex. Code Crim. Proc. Ann. art. 1.051(d) and 26.04(j)(2) (Vernon Supp. 2008). See
also Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.). 
          No grounds having been demonstrated for continuing this appeal, the appeal is
dismissed based on the certification signed by the trial court indicating that Appellant had
no right of appeal. See Tex. Code Crim. Proc. Ann. art. 25.2(d) (Vernon Supp. 2008).
          Accordingly, the appeal is dismissed.
                                                                           Patrick A. Pirtle

                                                                                 Justice

 



Do not publish.