Karl Keith NOLAND, Appellant

v.

The STATE of Texas, Appellee.

Nos. 10–07–00260–CR to 10–07–00270–CR.

Court of Appeals of Texas, Waco.

Sept. 10, 2008.

David L. Barron, Attorney AT Law, Bryan, TX, for Appellant/Relator.

Bill R. Turner, Brazos County Dist. Atty., Bryan, TX, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

The legislature has given the trial court the responsibility and authority to appoint counsel to represent indigent defendants in criminal proceedings and to relieve appointed counsel of his duties or replace him with other counsel upon a finding of good cause. TEX.CODE CRIM. PROC. ANN. art 26.04(j)(2) (Vernon Supp.2007); *Enriquez v. State*, 999 S.W.2d 906, 907 (Tex.App.-Waco 1999, order) (construing predecessor to current statute; *see* Acts 1987, 70th Leg., ch. 979 § 2, amended by Acts 2001, 77th Leg., ch. 906, § 6).

The timely disposition of these proceedings has become stalled. What follows is a chronicle of events that have occurred which has led us to this order and is provided to assist the trial court in making its required determination.

Eleven trial court cases were tried in one proceeding against Karl Keith Noland. A judgment of conviction was rendered in each trial court case. A notice of appeal covering all eleven cases was filed by Noland. Because a separate judgment was signed in each trial court case, this Court docketed the notice of appeal for each trial court case as a separate appellate case, appellate numbers 10–07–00260–CR through 10–07–00270–CR. This was almost a year ago.

The reporter's record in all eleven trial court case numbers was received by this Court on November 30, 2007. The reporter's record was, however, designated in case management as filed on December 4, 2007 only in appellate numbers 10–07–

00264–CR through 10–07–00270–CR, and not in appellate numbers 10–07–00260–CR through 10–07–00263–CR. The parties were, therefore, notified by this Court only that the reporter's record in appellate numbers 10–07–00264–CR through 10–07–00270–CR was filed. However, the reporter had notified the parties that she was sending the record in all eleven trial court case numbers to us.

The filing of the record triggered the timetable for filing Noland's brief. The brief was due on January 3, 2008. His appointed counsel, David Barron, failed to file a brief. We sent a notice to him on January 8 about his failure to file a brief and gave him 14 days to respond with a brief or other satisfactory response. The trial court also sent Barron a letter reminding him that a brief or other satisfactory response was due in this Court by January 23, 2008. However, not until two days after the deadline, on January 25, 2008, did Barron fax a motion for extension of time to file Noland's brief to this Court, requesting an extension of 60 days. When requesting the extension of time to file his brief, Barron only referred to appellate numbers 10–07–00264–CR through 10–07–00270–CR, and did not alert the Court as to the lack of an entry of the reporter's record in numbers 10–07–00260–CR through 10–07–00263–CR. Barron's request was granted and the due date for Noland's brief was extended to March 3, 2008.

In early March of 2008 we discovered our error of not indicating in our case management system that the reporter's record was also filed in 10–07–00260–CR through 10–07–00263–CR; and because there was only one reporter's record for all eleven cases, the reporter's record in appellate numbers 10–07–00260–CR through 10–07–00263–CR was entered into the Court's case management system as having been received on November 30, 2007

and filed on December 4, 2007. The parties were notified by letter dated March 4, 2008 that the record had actually been filed on December 4, 2007.

By letter dated March 11, 2008, we notified the parties of our error in docketing the filing of the reporter's record and informed Barron that a brief for Noland was due 30 days from the date of the letter, that due date being April 10, in all eleven appellate cases, those cases being 10–07–00260–CR, 10–07–00261–CR, 10–07–00262–CR, 10–07–00263–CR, 10–07–00264–CR, 10–07–00265–CR, 10–07–00266–CR, 10–07–00267–CR, 10–07–00268–CR, 10–07–00269–CR, and 10–07–00270–CR. Again, Barron did not file a brief. We sent Barron another letter, dated April 14, 2008, informing him that no briefs had been filed and gave him another 14 days to file a brief or other satisfactory response. Again, two days past the deadline, on April 30, 2008, Barron faxed a motion for extension of time to file a brief in all eleven cases. He requested another 60 days to file a brief. A majority of this Court granted that request and extended the time to file a brief to June 9, 2008. Barron never filed a brief in any of the appellate cases.

We abated the eleven appeals on July 2, 2008 to the trial court to determine why no brief had been filed. The trial court held a hearing on August 1, 2008. By then, the briefs were past due by 53 days. Barron testified that he improperly calendared the briefs due at 15 days past the actual due date. By his accounts, this would have made the briefs due on June 24. But Barron made no attempt to file the brief or request an extension by even this alleged erroneously calculated date. When asked on August 1, 2008, by the trial judge if Barron had filed a brief, Barron replied, "No, sir. I will file it whenever the Court directs me to." When asked when he could have a brief filed, Barron replied "Fourteen days, Your Honor." He agreed

that the date would be August 15, 2008. The trial court then recommended to us that we grant an extension of time until August 15, 2008 for Barron to file Noland's briefs.

We reinstated the appeals, followed the trial court's recommendation, and set the brief due date as August 15. Once again, Barron has not filed a brief or a request for an extension of time in any of the eleven appeals.

Accordingly, we abate the eleven appeals to the trial court and instruct the trial court to consider, within 14 days from the date of this order, whether the pattern of failures by Barron to timely file a brief in any of these eleven appeals is good cause for Barron's removal as appointed counsel for Noland, and, if a finding of good cause is made, remove David Barron as appointed counsel from these appeals and appoint new counsel to represent Noland in each of his eleven appeals. Upon taking such action, the trial court must sign a written order expressly removing David Barron as appointed counsel and appointing a new attorney to represent Noland. The written order must also include the basis for and the finding of good cause. TEX.CODE CRIM. PROC. ANN. art 26.04(j)(2) (Vernon Supp.2007). Further, the order must also contain the name, mailing address, telephone number, fax number, if any, and State Bar Identification number of new counsel. If the trial court determines there is not good cause to remove Barron, then the trial court must sign a written order evidencing the same and set a date certain when Noland's briefs are due, regardless of whether this Court has yet reinstated the appeals.

Within 7 days of signing the written order, the trial court must deliver the order to the trial court clerk who must prepare a clerk's record which includes the order and file that record with the Clerk of this Court within 7 days of receiving the trial court's order.