

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00055-CR

**RICHARD CARROLL SEGREST,**

                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                        **Appellee**

**From the 413th District Court
Johnson County, Texas
Trial Court No. F46344**

## ABATEMENT ORDER

Richard Carroll Segrest was convicted on January 30, 2013 of aggravated assault with a deadly weapon, enhanced. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). He was sentenced to 74 years in prison. A notice of appeal was filed on February 21, 2013. The clerk's record was filed on March 4, 2013 and the reporter's record was filed on May 14, 2014. Segrest's brief was originally due on June 13, 2013.

For several valid reasons, four previous motions for extension of time to file Segrest's brief have been filed and granted. We have now received another. In this

motion, filed on November 12, 2013, counsel requests another 28 days to file Segrest's brief but notes that counsel has had ongoing health problems for most of the year and is suffering from double vision, making it difficult for counsel to read and work on the computer.

The legislature has given the trial court the responsibility and authority to appoint counsel to represent indigent defendants in criminal proceedings and to appoint co-counsel or relieve appointed counsel of his duties and replace him with other counsel upon a finding of good cause. TEX. CODE CRIM. PROC. ANN. art 26.04(j)(2) (West Supp. 2013); *Noland v. State*, 261 S.W.3d 926 (Tex. App.—Waco 2008, order); *Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, order) (construing predecessor to current statute; *see* Acts 1987, 70th Leg., ch 979 § 2, amended by Acts 2001, 77th Leg., ch 906, § 6).

We are sympathetic to counsel's health problems but Segrest is entitled to a timely disposition of his appeal. Accordingly, we abate this appeal to the trial court and instruct the trial court to consider, within 14 days from the date of this order, whether appointed counsel's circumstances present good cause for counsel's removal as appointed counsel for Segrest; and, if a finding of good cause is made, remove counsel as appointed counsel from this appeal and appoint new counsel to represent Segrest in his appeal. Upon taking such action, the trial court must sign a written order expressly removing David E. Houston as appointed counsel and appointing a new attorney to represent Segrest. The written order must also include the basis for and the finding of good cause. TEX. CODE CRIM. PROC. ANN. art 26.04(j)(2) (West Supp. 2013). Further, the

order must also contain the name, mailing address, telephone number, fax number, if any, and State Bar Identification number of co-counsel or new counsel.

Alternatively, if the trial court determines there is not good cause to remove counsel, the trial court must sign a written order evidencing the same and set a date certain when Segrest's brief is due, regardless of whether this Court has yet reinstated the appeal.

Within 7 days of signing the written order, the trial court must deliver the order to the trial court clerk who must prepare a clerk's record which includes the order and file that record with the Clerk of this Court within 7 days of receiving the trial court's order.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal abated
Order issued and filed November 21, 2013