NO. 07-09-0041-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 13, 2009

_____


JESSIE A. FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-418,574; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pursuant to a guilty plea, Appellant, Jessie A. Flores, was convicted of aggravated robbery, enhanced, and sentenced to fifteen years confinement. He filed a pro se notice of appeal. The clerk's record, filed on February 11, 2009, contains a *Trial Court's Certification of Defendant's Right of Appeal* indicating that Appellant's case was a plea-

bargain case and he had "NO right of appeal." An inquiry from the Clerk of this Court revealed that, notwithstanding the trial court's certification, counsel was appointed to represent Appellant on appeal.

Based on the certification, this Court notified Appellant's counsel by letter dated February 12, 2009, that the appeal was subject to dismissal unless an amended certification showing a right of appeal or other grounds for continuing the appeal were demonstrated. In zealously representing Appellant, counsel filed a response to this Court's inquiry acknowledging that Appellant's plea was negotiated and that the trial court had not given permission to appeal. After reviewing the record, counsel determined the appeal was frivolous and requested that his response be treated as an *Anders*[1] brief. He included a *Motion to Withdraw*, a certification of his professional evaluation of the record, and a copy of a letter to Appellant advising him of his rights in an *Anders* appeal.

Despite counsel's efforts, this Court is required to dismiss a prohibited appeal without further action, regardless of the basis for the appeal. *Chavez v. State*, 183 S.W.3d 675, 680 (Tex.Crim.App. 2006). Appellant had no right of appeal as reflected in the trial court's certification because he was sentenced pursuant to the terms of a plea bargain and did not satisfy either of the exceptions stated in Rule 25.2(a)(2) of the Texas Rules of

---

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Appellate Procedure.[2]  *Id.*  Under these circumstances, an *Anders* appeal is inappropriate. *See id.*

Our conclusion that the procedures of an *Anders* appeal do not apply in the instant case precludes us from ruling on counsel's *Motion to Withdraw.*  When counsel is appointed by the trial court to represent an indigent defendant, it is the trial court's responsibility to relieve or replace counsel even after the appellate record has been filed. *See* Tex. Code Crim. Proc. Ann. art. 1.051(d) and 26.04(j)(2) (Vernon Supp. 2008).  *See also Enriquez v. State*, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.).

No grounds having been demonstrated for continuing this appeal, the appeal is dismissed based on the certification signed by the trial court indicating that Appellant had no right of appeal.  *See* Tex. Code Crim. Proc. Ann. art. 25.2(d) (Vernon Supp. 2008).

Accordingly, the appeal is dismissed.

Patrick A. Pirtle
Justice

Do not publish.

_____

[2]Notwithstanding a plea bargain, a defendant may appeal matters that were raised by written motion filed and ruled on before trial or may appeal with permission from the trial court.