NOS. 07-09-0026-CR, 07-09-0027-CR, 07-09-0028-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 30, 2009
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________

RODOLFO SOSA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 427TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-06-100022, D-1-DC-06-300403, D-1-DC-06-300443;

 HONORABLE JON WISSER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ORDER ON MOTION TO WITHDRAW
Â Â Â Â Â Â Â Â Â Â Pending before the Court is a motion filed by attorney Alexander Reyer seeking to
withdraw as appellate counsel.
Â Â Â Â Â Â Â Â Â Â A review of the clerkâs record reveals that, after appellant was convicted and
sentence was imposed, the trial court determined that appellant was indigent and in need
of legal services. The clerkâs record shows that the trial court appointed Reyer to represent
appellant on appeal on January 14, 2009.
Â Â Â Â Â Â Â Â Â Â On June 10, 2009, this Court received a motion from Reyer titled Motion for
Withdrawal of Counsel requesting this Court to allow Reyerâs withdrawal from this appeal. 
However, the motion now pending before this Court does not identify any current
deadlines; does not include the partyâs name, last known address, or telephone number;
does not state that a copy of the motion was delivered to the party; and does not state that
the party was notified of the right to object to the motion. See Tex. R. App. P. 6.5(a). 
Because the motion fails to comply with the requisites of the rule, we deny the motion.
Â Â Â Â Â Â Â Â Â Â We do, however, note that the trial court retains authority over the appointment of
counsel for appellant. See Enriquez v. State, 999 S.W.2d 906, 908 (Tex.App.âWaco 2000,
pet. refâd). Any request for clarification of appointed counselâs continuing role in this appeal
is properly directed initially to the trial court. Appellant is directed to supplement the
appellate record with the appropriate documentation of any further action taken by the trial
court with respect to appointed counsel.
Â Â Â Â Â Â Â Â Â Â The Motion for Withdrawal of Counsel is denied.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam





Do not publish. 






 Grid Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00116-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



APRIL
25, 2011

Â 



Â 

JASON GOMEZ, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

Â 

NO. B17957-0902; HONORABLE EDWARD LEE SELF, JUDGE



Â 



Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

Â 

ORDER

Â Â Â Â Â Â Â Â Â Â Â  Appellant,
Jason Gomez, has filed a motion in which he requests this Court set a
reasonable bail pending final disposition of his appeal.Â  We grant his motion.

Â Â Â Â Â Â Â Â Â Â Â  On
January 19, 2011, this Court issued its opinion concluding that there was
insufficient evidence to sustain appellantÂs conviction for harassment of a
public servant.[1]Â  Consequently, we rendered a judgment of
acquittal.Â  See Gomez v. State,
331 S.W.3d 832, 2011 Tex.App. LEXIS 378, at *12 (Tex.App.ÂAmarillo 2011, no
pet. h.).Â  We overruled the StateÂs
motion for rehearing on March 1.Â 
Appellant filed his motion for reasonable bail pending final
determination of his appeal with this Court on March 21.Â  On April 4, the State filed, and the Texas
Court of Criminal Appeals granted, its motion for extension of time in which to
file its petition for discretionary review.

Â Â Â Â Â Â Â Â Â Â Â  We
are authorized to set bail upon request by an appellant in the following
circumstances:

If a conviction is reversed by a decision of a Court of Appeals, the
defendant, if in custody, is entitled to release on reasonable bail, regardless
of the length of term of imprisonment, pending final determination of an appeal
by the state or the defendant on a motion for discretionary review.Â  If the defendant requests bail before a
petition for discretionary review has been filed, the Court of Appeals shall
determine the amount of bail. If the defendant requests bail after a petition
for discretionary review has been filed, the Court of Criminal Appeals shall
determine the amount of bail.Â  The
sureties on the bail must be approved by the court where the trial was
had.Â  The defendant's right to release
under this subsection attaches immediately on the issuance of the Court of
Appeals' final ruling as defined by Tex.Cr.App.R. 209(c).[2]

Tex.
Code Crim. Proc. Ann.
art. 44.04(h) (West 2006).Â  So, having
reversed appellantÂs conviction and having been requested to set bail at a time
prior to the filing of a petition for discretionary review, we have authority
to consider appellantÂs motion.

Â Â Â Â Â Â Â Â Â Â Â  Though
article 44.04(h) directs that the defendant be released on reasonable bail
under these circumstances, it does not specify the factors we are to consider
when determining the appropriate sum.Â  However,
certain general rules govern the amount of bail to be required:

1. The bail shall be sufficiently high to give reasonable assurance
that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an
instrument of oppression.

3. The nature of the offense and the circumstances under which it was
committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken
upon this point.

5. The future safety of a victim of the alleged offense and the
community shall be considered.

Tex.
Code Crim. Proc. Ann.
art. 17.15 (West 2005).Â  Consistent with
article 17.15Âs general rules, the Texas Court of Criminal Appeals outlined
more specific factors to be taken into consideration when determining
reasonable bail: (1) the length of the sentence; (2) the nature of the offense;
(3) work history; (4) family and community ties; (5) length of residency; (6)
ability to make the bond; (7) criminal history; (8) conformity with previous bond
conditions; (9) existence of other outstanding bonds; and (10) aggravating
factors involved in the offense.Â  Ex
parte Rubac, 611 S.W.2d 848, 849Â50 (Tex.Crim.App. 1981).Â  When, as here, the issue is reasonable bail
pending final determination of an appeal following a reversal by an appellate
court, the Fourteenth Court of Appeals outlined additional, perhaps even more
specifically-tailored, considerations:Â 
(1) the fact that the conviction has been overturned; (2) the StateÂs
ability (or inability) to retry the appellant; and (3) the likelihood that the
decision of the court of appeals will be overturned.Â  See Aviles v. State, 26 S.W.3d
696, 699 (Tex.App.ÂHouston [14th Dist.] 2000, pet. refÂd).

Â Â Â Â Â Â Â Â Â Â Â  With
these several considerations in mind, we turn to appellantÂs motion.Â  AppellantÂs motion specifically addresses
many of the factors we are to consider in determining a reasonable bail.Â  He points out that he has been incarcerated
since January 20, 2010, when he was sentenced to 60 years incarceration for his
conviction for harassment of a public servant by causing contact with the blood
of the appellant.Â  Additionally,
appellant represents that he has maintained employment in Plainview, Texas for
a number of years prior to his incarceration; has significant family and
community ties to Plainview; has resided in Plainview throughout his life
except for periods when detained by penal authorities; is indigent, but can
rely on the largesse of his family to make the bond; has been convicted of two
prior felony convictions; has complied with previous bond conditions; is
currently on bond for resisting arrest arising from the current incident; and
there are no particular aggravating factors relating to the instant offense
relevant to setting bail.Â  Appellant also
indicates that this Court has reversed the judgment of the trial court and has
rendered a judgment of acquittal.Â  As
such, the State will not be able to retry the case if the judgment of this
Court is sustained.Â  

Â Â Â Â Â Â Â Â Â Â Â  With
respect to the likelihood that the Texas Court of Criminal Appeals will reverse
our decision, we are respectfully hesitant to predict the high courtÂs
disposition of a petition for discretionary review and will go only so far as
to say that we remain confident that our decision employed the proper standard
of review, that the evidence was insufficient to sustain a conviction for harassment
of a public servant, and that our disposition of the case was correct under the
law.

Â Â Â Â Â Â Â Â Â Â Â  AppellantÂs
pretrial bail was originally set at $10,000.00, but it was subsequently
increased to $50,000.00.[3]Â  In his motion, appellant requests this Court
set bail at $2,500.00.Â  Considering the
factors on which we have been provided information and endeavoring to strike a
balance between ensuring appellantÂs presence and avoiding oppressive bail, we
GRANT appellantÂs Motion for Reasonable Bail Pending Final Determination of
Appeal and set bail pending final determination of appeal at $2,500.00.Â  See Tex.
Code Crim. Proc. Ann. art. 44.04(h).

Â Â Â Â Â Â Â Â Â Â Â  It
is so ordered.Â  

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam.

Â 

Do
not publish.Â  

Â 











[1] See Tex.
Penal Code Ann. Â§ 22.11(a)(2) (West Supp. 2010).





[2] As the Waco Court
explained, the former Rule 209(c) of the Texas Rules of Post Trial and
Appellate Procedure in Criminal Cases provided:

Â 

As used in these
rules, Âfinal ruling of the courtÂ means (1) the 16th day after the date of the
delivery of the court's opinion or order where a motion for rehearing is
permitted under Rule 208 but is not filed or rehearing is not granted on the
courtÂs own motion, (2) the day after the date of the overruling of a motion
for rehearing where a further motion for rehearing is not permitted under Rule
208, or (3) if a motion for rehearing pursuant to Rule 208(d) is granted, the
day after the date of the disposition of the case on rehearing, whichever is
later.

Â 

In re Keeter, 134 S.W.3d 250, 253
(Tex.App.ÂWaco 2003, orig. proceeding).





[3] Nothing in the
record reflects any explanation as to why the trial court increased appellantÂs
pretrial bail.Â  In his motion, appellant
simply indicates that the bond Âwas later raise[d] sua sponte by the trial court to $50,000.00.Â