

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-18-00357-CR

SHERMAN LAMONT DANIELS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 30th District Court
Wichita County, Texas[1]
Trial Court No. 45,165-A, Honorable Robert P. Brotherton, Presiding

November 1, 2018

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant, Sherman Lamont Daniels, appeals the trial court's judgment adjudicating him guilty of the offense of aggravated kidnapping,[2] revoking his deferred adjudication community supervision, and sentencing him to five years' confinement. The appellate record is due December 10, 2018, and the reporter's record has been filed.

---

[1] By order of the Texas Supreme Court, this appeal was transferred to this Court from the Second Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] TEX. PENAL CODE. ANN. § 20.04 (West 2011).

Now pending before this Court is the motion to withdraw of appellant's counsel stating that appellant wishes to represent himself on appeal. We abate and remand for further proceedings.

The trial court has the responsibility for appointing counsel to represent indigent defendants as well as the authority to relieve or replace appointed counsel upon a finding of good cause. *See* TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(j)(2) (West Supp. 2018); *see also Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, no pet.). An appellate court has discretion to permit an appellant to represent himself on appeal if he can do so without interfering with the administration of the appellate process. *See Bibbs v. State*, No. 07-10-00300-CR, 2011 Tex. App. LEXIS 9490, at *4 (Tex. App.— Amarillo Dec. 2, 2011, order) (per curiam). Our exercise of that discretion depends on a case-by-case analysis of the best interest of the appellant, the State, and the proper administration of justice. *Id.*

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall conduct a hearing to determine the following:

1. whether appellant still desires to prosecute the appeal;

2. whether appellant desires to represent himself on appeal;

3. if appellant desires to represent himself, whether his decision to do so is competently and intelligently made, including whether he is aware of the dangers and disadvantages of self-representation on appeal, *see Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); and

4. if appellant desires to represent himself, whether allowing him to do so is in his best interest, in the best interest of the State, and in furtherance of the proper administration of justice.

2

Should the trial court determine that appellant desires to represent himself on appeal, that appellant has made a competent and intelligent decision to represent himself, and that allowing appellant to represent himself is in the best interest of appellant, the State, and the proper administration of justice, the trial court may grant counsel's motion to withdraw. The trial court shall issue findings of fact and conclusions of law and any necessary orders addressing the foregoing subjects. Additionally, the trial court shall cause to be developed (1) a clerk's record containing the findings, conclusions, and any necessary orders; and (2) a supplemental reporter's record transcribing any evidence and argument presented at the hearing. The record shall be filed with the Clerk of this Court on or before December 17, 2018. Should further time be needed to perform these tasks, then same must be requested before December 17, 2018.

It is so ordered.

Per Curiam

Do not publish.