COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:  Nelson Oroyo Rodriguez v. The State of Texas

Appellate case number:   01-17-00352-CR

Trial court case number:  1515550

Trial court:            351st District Court of Harris County

Appellant, Nelson Oroyo Rodriguez, filed a motion to permit his court-appointed counsel, Tom Abbate, to withdraw and to substitute Stanley G. Schneider as attorney of record.[1]

The legislature has given the trial court the responsibility of appointing counsel in criminal proceedings.  TEX. CODE CRIM. PROC. arts. 1.051(d), 26.04(j)(2).  When counsel is appointed by the trial court to represent an indigent defendant on appeal, it is the trial court's responsibility to relieve or replace counsel.  *See Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, no pet.).  Other than when an *Anders* brief is well taken, a court of appeals is without authority to grant court-appointed counsel's request to withdraw.  *See Meza v. State*, 206 S.W.3d 684, 688 (Tex. Crim. App. 2006).

---

[1]     The motion to withdraw and to substitute was filed after the Court issued its November 20, 2018 memorandum opinion and after Mr. Abbate filed a combined motion for rehearing and for en banc reconsideration.  On December 20, 2018, Appellant's motions for rehearing and for en banc consideration were denied.  However, the November 20 memorandum opinion and judgment were withdrawn, and a new memorandum opinion and judgment were issued in their stead on December 20, 2018.

Even though the memorandum opinion and judgment have issued in this appeal, court-appointed counsel (Mr. Abbate) still has a duty to inform Appellant of the result of this appeal and to inform Appellant that he may, on his own or with counsel of his choice, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). Nothing in the motion to withdraw indicates that Mr. Abbate cannot carry out these final appellate duties. Thus, abatement to the trial court for appointment of new appellate counsel does not seem necessary or practical at this late stage of the appeal.

Notwithstanding the motion to withdraw, Mr. Abbate remains Appellant's counsel on appeal "until charges are dismissed, the defendant is acquitted, appeals are exhausted, or [he] is relieved of his duties by the court or replaced by other counsel after a finding of good cause is entered on the record." *See* TEX. CODE CRIM. PROC. art. 26.04(j)(2). If the appeal has been "exhausted," that is, Mr. Abbate has fully discharged his appellate duties, then no motion to withdraw his representation is necessary.

For these reasons, the motion for court-appointed counsel to withdraw and to substitute counsel is **denied**.

However, as a point of clarification, Stanley Schneider may also represent Appellant, not as appointed counsel, but as counsel of Appellant's choice. Presumably, given the stage of this proceeding, Mr. Schneider is representing Appellant for purposes of seeking discretionary review in the Court of Criminal Appeals.

Nothing in this order should be read to preclude or inhibit Mr. Schneider's representation of Appellant or his being listed as an attorney of record for Appellant.

 It is so ORDERED.


Justice's signature:  /s/ Laura Carter Higley
         Acting individually


Date: _____January 17, 2019_____