

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

## No. 07-21-00104-CR

___

WANDA FAYE ROUGEAU, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. B21487-2007, Honorable Danah L. Zirpoli, Presiding

___

August 24, 2021

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant Wanda Faye Rougeau appeals her conviction for aggravated assault. Her brief was due August 5, 2021. Now pending before this court are appellant's motion for an extension of time to file a brief and a motion to withdraw filed by appellant's counsel. The motion to withdraw indicates that appellant seeks to dismiss her counsel and represent herself on appeal. We abate and remand for further proceedings.

The trial court has the responsibility for appointing counsel to represent indigent defendants as well as the authority to relieve or replace appointed counsel upon a finding

of good cause.  *See* TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(j)(2) (West Supp. 2020); *Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, order).  When an appellant seeks to represent herself on appeal, an appellate court has discretion to permit self-representation if the appellant can do so without interfering with the administration of the appellate process.  *See Bibbs v. State*, No. 07-10-00300-CR, 2011 Tex. App. LEXIS 9490, at *4 (Tex. App.—Amarillo Dec. 2, 2011, order) (per curiam).  Our exercise of that discretion depends on a case-by-case analysis of the best interest of the appellant, the State, and the proper administration of justice.  *Id*.

For these reasons, we abate the appeal and remand the cause to the trial court for further proceedings.  Upon remand, the trial court shall conduct a hearing to determine the following:

1.  whether appellant still desires to prosecute the appeal;

2.  whether good cause exists for removal of appellant's appointed counsel;

3.  if counsel is removed, whether appellant remains indigent and is entitled to the appointment of new appellate counsel;

4.  if appellant desires to represent herself on appeal, whether her decision to do so is competently and intelligently made, including whether she is aware of the dangers and disadvantages of self-representation, *see Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); and

5.  if appellant desires to represent herself on appeal, whether allowing her to do so is in her best interest, in the best interest of the State, and in furtherance of the proper administration of justice.

The trial court shall issue findings of fact and conclusions of law and any necessary orders addressing the foregoing subjects. If it is determined that 1) appellant is entitled to appointed counsel, 2) allowing appellant to represent herself on appeal is not in her best interest or that of the State or the administration of justice, and 3) the attorney/client relationship between appellant and existing counsel has degraded to the extent that existing counsel cannot provide appellant reasonably effective assistance, then the trial court shall appoint new appellate counsel. The name, address, email address, telephone number, and State Bar number of any newly appointed counsel shall be included in the aforementioned findings.

The trial court shall also cause to be developed (1) a clerk's record containing the findings, conclusions, and any necessary orders; and (2) a reporter's record transcribing any evidence and argument presented at the hearing. The supplemental record shall be filed with the Clerk of this Court on or before September 23, 2021. Should further time be needed to perform these tasks, then same must be requested before September 23, 2021.

It is so ordered.

Per Curiam

Do not publish.