# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00441-CR

**Ron Guzman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
### NO. CR-06-137-A, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant's counsel, appointed at the trial court for proceedings there, has filed a motion to withdraw in this appeal from the denial of a motion for DNA testing. He states that he filed a motion to withdraw that was not ruled on by the trial court. Counsel asserts that Appellant would not want him to represent Appellant on appeal because counsel represented Appellant at trial and has a conflict of interest. Counsel asserts that the State is not opposed to his motion to withdraw.

The legislature has given the trial court the responsibility of appointing counsel in criminal proceedings including requests for DNA testing. Tex. Code Crim. Proc. arts. 1.051(d), 26.04(j)(2), 64.01(c) (DNA testing). When counsel is appointed by the trial court to represent an indigent defendant on appeal, it is the trial court's responsibility to relieve or replace counsel. *See Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, no pet.); *Williamson v.*

*State*, No. 03–12–00672–CR, 2013 WL 363677 at *1 (Tex. App.—Austin Jan. 25, 2013, no pet.) (mem. op., not designated for publication).

We therefore abate the appeal and remand the cause to the trial court to hold a hearing on this motion to withdraw, appoint new counsel, if appropriate, and make appropriate findings and recommendations. *See* Tex. R. App. P. 38.8(b)(2), (3); *see Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976) (right to self-representation extends to appellate process). A supplemental record from this hearing, including copies of all findings and orders and a transcription of the court reporter's notes, shall be forwarded to the clerk of this Court as a supplemental record not later than thirty days from the date of this opinion.

Before Chief Justice Byrne, Justices Kelly and Theofanis

Abated and Remanded

Filed:   December 14, 2023

Do Not Publish